731 P.2d 634

The **CITY OF TUCSON, a municipal corporation, Petitioner,**

v.

Honorable Lawrence H. **FLEISCHMAN, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,**

and

Marlin J. **BOCKTING and Vicki Bockting, Real Parties in Interest.**

No. 2 CA–SA 0452.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 26, 1986.

**270**

Slutes, Sakrison, Grant & Pelander, P.C. by John Pelander, Tucson, for petitioner.

Davis, Siegel & Gugino, P.C. by Carl A. Piccarreta and Barry M. Davis, Tucson, for real parties in interest.

## OPINION

HOWARD, Presiding Judge.

In this special action, we must determine whether A.R.S. §§ 12–820 to –826 apply to cities. We are also presented with issues regarding the interpretation and application of the excusable neglect and indemnification provisions contained in A.R.S. § 12–821(A). Because petitioner has no equally plain, speedy and adequate remedy by appeal, and the questions presented are pure issues of law of substantial public magnitude arising from relatively new statutes not previously interpreted, we assume jurisdiction. *See* Rule 1(a), Rules of Procedure for Special Actions, 17A A.R.S.; *United States v. Superior Court*, 144 Ariz. 265, 697 P.2d 658 (1985).

Vicki Bockting, real party in interest, was a passenger in an automobile driven by Joan Peterson. The Peterson vehicle collided with an automobile driven by Kathleen Cosper. This occurred on October 18, 1984. On March 22, 1985, Cosper sued Peterson and the City of Tucson. In her claim against the City, Cosper alleged negligence in connection with the traffic signals located at the scene of the accident. Prior to filing her lawsuit, Cosper served a notice of her claim against the City in accordance with A.R.S. § 12–821(A). Bockting filed her lawsuit on November 30, 1985, naming Peterson and the City as defendants and alleging the City's negligence with regard to the traffic signals. The superior court consolidated Bockting's action with Cosper's case. In August 1986, the City moved for dismissal of Bockting's claim against it, arguing that her failure to comply with the notice requirements of A.R.S. § 12–821(A) precluded her lawsuit. The City also argued that no excusable neglect was present, since Bockting and Peterson were friends and Bockting was specifically aware that Cosper had previously sued Peterson and the City. Bockting opposed the City's motion, contending that A.R.S.

§§ 12–820 to –826 do not apply to municipal corporations and, alternatively, that due diligence on the part of Bockting and her attorney precluded dismissal of her lawsuit.

Following arguments of counsel on the City's motion to dismiss, the court requested additional memoranda on the question "whether the State may constitutionally impose indemnity upon a plaintiff's lawyer for excusable neglect in failing to file a claim with the State within 12 months from the time the cause of action accrued." In its subsequent minute entry, the court found that A.R.S. § 12–821 does not provide for a situation in which a lawyer fails to file a timely claim because of the need to first investigate its validity. Citing Rule 11(a), Rules of Civil Procedure, 16 A.R.S., and the canons of professional ethics, the court ruled that "[s]uch an anomolous [sic] result should not be permitted," and stated the following:

> The Court, believes the statute is invalid due to the fact that it makes no provision for appropriate conduct on counsel's part. However, given a court's reluctance to declare a statute unconstitutional where the invalidity is not directly invoked, in this case the Court can properly hold that it constituted excusable neglect for Plaintiff to not contact a lawyer until shortly before the 12–month deadline, since a layperson's ignorance of this statute is clearly reasonable and foreseeable inadvertance [sic]. It was the fact that counsel was not hired until approximately one week before the deadline that the claim was not filed in a timely fashion. The Court finds that this constitutes excusable neglect and therefore DENIES the motion to dismiss.

### APPLICABILITY OF CLAIMS STATUTES TO CITIES

A.R.S. §§ 12–820 to –826 were passed in 1984 and became effective on August 3 of that year. The legislature substituted the 1984 Act, entitled "Actions against Public Entities or Public Employees," for the previous laws which governed "Actions against the State on Contract or for Negligence." Subsection 12–821(A) provides:

> A. Persons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained except upon a showing of excusable neglect if the action is brought within the otherwise applicable period of limitations, provided that if there is no excusable neglect, and if the absence of excusable neglect is because of the conduct of the claimant's attorney, then the action shall proceed, and the public entity and public employee shall have a right of indemnity against the claimant's attorney for any liability assessed in the action.

In § 12–820(6), "public entity" is defined as "this state and any political subdivision of this state." Bockting argues that the legislature intended to omit cities from its definition of "public entity." Citing various statutes in which cities are specifically mentioned, Bockting urges us to find that the claims statutes by implication do not apply to cities due to the legislature's failure to specifically include them in § 12–820(6).

Bockting contends that cities, unlike counties, are voluntarily organized for special and local purposes independent of the general governmental activities of a state and are not "political subdivisions" of the state where matters of sovereign immunity are involved. Pointing to similar legislation in Colorado and Wyoming, where cities are specifically included in the statutes, Bockting argues that the omission of cities from § 12–820(6) was intentional and should be interpreted to exclude claims against cities from the requirements of the 1984 Act. We disagree.

The legislature is constitutionally prevented from creating cities by special laws but is empowered merely to provide

for their incorporation and organization by general laws. Article 13, § 2 of our constitution provides that a city "may frame a charter for its own government...." This provision, conferring upon a qualified city power to provide for its own government, is restricted by the requirement that such provisions be consistent with and subject to the laws of the state in matters not confined to purely municipal affairs. *Strode v. Sullivan*, 72 Ariz. 360, 364, 236 P.2d 48, 51 (1951). In other words, where the legislature has enacted specific statutes addressing a subject of statewide concern, those statutes are binding upon municipalities. While the latter may enact ordinances which provide more stringent requirements, they may not enact provisions which conflict with such statutes.

▮ The purpose of the original claims statute was to provide notice to the State of claims against it, to permit the possibility of settlement prior to litigation and to assist in the budgeting process. *State v. Brooks*, 23 Ariz.App. 463, 534 P.2d 271 (1975). One of the objects of the 1984 Act was to expand the reach of the claims statutes to all political subdivisions. The general rule is that cities are political subdivisions of the state. *See City of Phoenix v. Collar, Williams and White Eng., Inc.*, 12 Ariz.App. 510, 472 P.2d 479 (1970). There is nothing in the 1984 Act to indicate that the legislature did not intend to include cities within the scope of the term "political subdivision." On the contrary, we believe the use of the term without exclusion evidences the intent of the legislature that the statute apply to all such public entities, including municipalities. The matters encompassed by the statutes do not involve purely municipal affairs, but rather are of statewide concern and well within the legitimate sphere of legislation applicable statewide. We therefore hold that cities are political subdivisions within the meaning of A.R.S. § 12-820(6).

### EXCUSABLE NEGLECT AND INDEMNITY

The trial court ruled that Bockting's failure to file a claim within 12 months of the date of the accident was a direct result of her failure to hire an attorney until approximately one week before the 12-month period had expired. The court found that her conduct constituted excusable neglect and that her attorney acted properly in not filing a claim until he had investigated its validity.

While we agree that Bockting's lawsuit should not be dismissed under A.R.S. § 12-821(A), we do not agree with the trial court's determination that Bockting's conduct was the cause of the failure to file a timely claim. Furthermore, we do not agree with the court's determination that § 12-821(A) makes no provision for appropriate conduct on counsel's part.

▮ The obvious purpose of the provisions of § 12-821(A) pertaining to cases where the notice of claim is not filed or is untimely is to protect a claimant from the consequences of his attorney's negligence. Under the statute, the only situation in which an action may be dismissed is where the court finds first, that the failure to timely file the notice was due to the conduct of the claimant and second, that his conduct was not "excusable." In all other cases, "the action shall proceed." However, if the court determines that the failure to timely file was the result of counsel's conduct, the statute also contemplates an additional preliminary finding as to whether or not counsel's conduct was "excusable." If the court finds that it was not, and if the action proceeds to judgment against the public entity, then the latter may seek indemnification from the attorney to the extent of its liability. In such an action, counsel may defend on any grounds showing excusable neglect. Thus, contrary to the trial court's conclusion, the statute does not preclude a claimant's attorney from defending against a claim for indemnification on the ground that his conduct was appropriate under the circumstances. Further, since counsel is not a party to the original litigation, he is not bound in the indemnity action by the court's preliminary finding of no excusable neglect.

header

**273**

■ Perhaps in an attempt to rescue counsel in this case from the rather draconian provisions of this statute, the trial court found that the failure to timely file the claim resulted from Bockting's conduct. The pertinent chronology of events is as follows. The accident occurred on October 18, 1984. On October 10, 1985, almost one year later, Bockting retained counsel, who then sent a letter to the Tucson Police Department requesting its accident report. The report was received by counsel on November 28, 1985, and suit was filed on November 30. Thus, counsel was retained eight days prior to the expiration of the statutory period for filing the notice of claim. Regardless of whether Bockting should have acted more promptly, once counsel accepted the case and agreed to represent her, and absent other facts, Bockting's conduct in delaying until the final eight days became irrelevant for purposes of § 12–821. The trial court thus erred in concluding that the failure to file the notice in a timely manner was due to excusable neglect on the part of the claimant.

■ The underlying issue, then, and one on which we cannot agree with the trial court, is whether counsel's failure to timely file the claim in this case constituted excusable neglect. We disagree with the trial court's determination that Bockting's conduct caused the failure to file a timely claim in her case. Furthermore, we do not agree that an attorney's need to investigate the validity of his client's claim will, in every circumstance, render the failure to file a timely claim excusable. Here, the attorney was told by his client when the accident occurred and knew or should have known of the claims statute and its notice requirements. Time was short and a claim could and should have been filed prior to the expiration of the statutory period. Securing of the police report should have been expedited and even if the report could not have been timely secured, the attorney still could have filed a claim in order to comply with the statute.[1] We believe that under the circumstances presented, a preliminary determination must result in a finding that counsel's conduct was not excusable.

The action may proceed and, if judgment is entered against the City, the City may seek indemnity against counsel. In that action, the question whether counsel's neglect was excusable shall determine the City's entitlement to indemnification.

We realize that the statute here places Bockting and her attorney in an awkward relationship, and we recognize that the potential for an indemnity order against counsel creates an obvious conflict of interest.

This matter is remanded to the trial court for proceedings consistent with this opinion.

HATHAWAY, C.J., and FERNANDEZ, J., concur.

---

1. At oral argument, counsel stated that he did not file a claim because he did not believe the 1984 Act applied to cities. Whether that belief was excusable and whether counsel was, in fact, aware of the 1984 Act will also bear on the indemnity action.