750 P.2d 903

Frederick C. CREASY, Jr., Petitioner,

v.

Hon. Franklin D. COXON, Judge of the Superior Court, State of Arizona, in and for the County of Pinal, Respondent,

and

Christopher BARLEY and Trinidad Barley, husband and wife; Central Arizona College, a community college; Pinal County Community College District, a governmental subdivision; John W. Myers and Jane Doe Myers, husband and wife, Real Parties in Interest.

No. 2 CA–SA 87–0100.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 10, 1987.

Review Denied March 15, 1988.

---

Law Offices of Frederick C. Creasy, Jr. by Frederick C. Creasy, Jr. and David W. Hume, Scottsdale, for petitioner and real party in interest Barley.

Lewis and Roca by Brian Goodwin, Susan M. Freeman and Thomas Klinkel, Phoenix, for real parties in interest Central Arizona College, Pinal County Community College Dist., John W. Myers and Jane Doe Myers.

## OPINION

LACAGNINA, Chief Judge.

The issues presented in this special action involve the statutes governing claims against public entities and public employees. A.R.S. §§ 12–820 to –826. Specifically, we must determine whether § 12–821(A) requires that notice of a claim be presented to a public entity or public employee in the same manner as a summons and complaint must be served in a civil action. The questions presented here are pure issues of law and are of substantial public magnitude because they arise from new statutes which have not been previously interpreted. Additionally, we believe that petitioner has no equally adequate remedy by appeal. Rule 1(a), Ariz.R.Spec.Action P., 17A A.R.S.; *City of Tucson v. Fleischman,* 152 Ariz. 269, 731 P.2d 634 (App.1986).

Christopher Barley was a student at Central Arizona College. On April 3, 1985, he reported for shop class and his instructor, John W. Myers, refused to permit him to work with the machines in his intoxicated condition. Apparently, Myers directed Bar-

ley to an adjacent office and instructed him to wait there. Later, Myers discovered that Barley had left without permission. Barley drove his vehicle while still intoxicated, lost control of the vehicle, and apparently suffered extensive injuries.

Petitioner is the attorney of record for Christopher Barley in an action filed by Barley and his wife against the college, the community college district, and the instructor. Those defendants moved to dismiss Barley's complaint or, alternatively, sought summary judgment. The defendants specifically argued that Barley had failed to comply with the requirements of A.R.S. § 12–821(A) governing the manner and timing of the service of his claim. The court denied the defense motions but found as follows:

> The Court FINDS that the plaintiffs did not technically comply with the provisions of Section 12–821A, failed to comply with the Arizona Rules of Civil Procedure, Rule 4D and did not properly serve present claim in accordance with said statute and rule; and the Court FURTHER FINDS that plaintiffs' failure to technically comply with Section 12–821 A.R.S. and Rule 4D is not excuseable [sic] neglect by plaintiffs or their counsel, that due to the inexcuseable [sic] neglect of plaintiffs' counsel, the action may proceed pursuant to Section 12–821A A.R.S.

■ The facts regarding presentation of Barley's claim to the college are not in dispute. On April 1, 1986, petitioner shipped two letter packages by Federal Express courier, one addressed to Dennis Jenkins, Vice–President for Finance and Administrative Services, Central Arizona College, and one addressed to James M. Kraby, President of Central Arizona College. The packages were delivered to the college on April 2, 1986, and were accepted and signed for by a J. Felix as indicated on the Federal Express delivery records presented to the court. Subsequently, petitioner was apparently in contact with the college or its insurance carrier, and on September 9, 1986, the carrier sent petitioner a letter which contained an offer of settlement.

That letter was presented to the trial court, along with the affidavit of Dennis Jenkins stating, in pertinent part,

> [t]hat although the shipping form indicates that it was received by Federal Express on April 1, 1986, I have not found anything in the files of the College, or found anyone who claims to have personal knowledge, indicating when it was received or by whom. The letter was not delivered to me.
>
> To the best of my knowledge, information and belief, no claim of any form was ever sent or delivered to this College by first class mail by or on behalf of this plaintiff, nor was any claim served on any official of the College by any process server within twelve months of the date of plaintiff's accident.

The college does not deny that petitioner's letters were delivered as addressed by the Federal Express courier. Rather, the college argues that such notice does not comply with the requirements of § 12–821(A), which provides:

> Persons who have claims against a public entity or public employee *shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D),* within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained except upon a showing of excusable neglect if the action is brought within the otherwise applicable period of limitations, provided that if there is no excusable neglect, and if the absence of excusable neglect is because of the conduct of the claimant's attorney, then the action shall proceed, and the public entity and public employee shall have a right of indemnity against the claimant's attorney for any liability assessed in the action.

(Emphasis added.) The question here is whether a claim must be "served" within the meaning of Rule 4. We find that the statute does not require formal service.

■ Prior to 1984 statutory revisions, § 12–821 provided only that claims on con-

tract or for negligence against the state could be the subject of a lawsuit after such claims had been "disallowed." Case law interpreting the old statute, as a jurisdictional prerequisite for bringing suit against the state, required that the claim first be presented to or filed with the state agency whose action gave rise to the claimed liability. *See State v. Brooks,* 23 Ariz.App. 463, 534 P.2d 271 (1975). The purpose of the original claims statute was to provide notice to the state of claims against it, to permit the possibility of settlement prior to litigation and to assist the state in its budgeting process. *Id.* One of the objects of the 1984 revision was to expand the reach of the claims statutes to all political subdivisions. *City of Tucson v. Fleischman,* 152 Ariz. at 272, 731 P.2d at 637. Additionally, we believe that the 1984 revisions were intended to resolve some confusion regarding whether to serve the attorney general or the specific agency or subdivision against whom the claim is made. *See State v. Brooks, supra; see also Ames v. State,* 143 Ariz. 548, 694 P.2d 836 (App. 1985) (plaintiff who had filed claim with the Governor, the Attorney General, and the Corporation Commission, was allowed to add responsible agency, Department of Transportation, as a defendant). Finally, the new provisions of § 12–821(A) were also intended to protect a claimant from the consequences of his attorney's negligence in failing to file a timely claim. *City of Tucson v. Fleischman,* 152 Ariz. at 272, 731 P.2d at 637.

Having reviewed the purposes of Arizona's claims statute, along with the legislative revisions in 1984, we conclude that § 12–821(A) does not require that a notice of claim be served in the same manner as a civil summons and complaint. Rather, the language requiring the notice to be filed "in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D)," was intended to provide uniform guidance regarding the person or agent to whom the notice should be presented.[1]

■ We do not interpret § 12–821(A) to require that presentation, filing, or delivery of the notice of claim must be made in any specific manner. In cases where a public entity or a public employee challenges the notice given, the claimant must show that delivery was actually made. In this case, petitioner clearly met that burden. The college does not deny that the Federal Express courier delivered the letter packages to the president's and vice-president's offices on April 2, 1986. This was sufficient under § 12–821(A).

■ The college additionally argues that § 12–821(A) was not complied with because the letter package was not placed directly in the hands of the college officer. In these modern days of office practice and procedure, we do not believe such a narrow reading of the statute is warranted. If a claimant can establish that delivery was made to the appropriate office of the person or agent described in Rule 4(d), that is sufficient to show that the notice of claim was properly delivered.

In this special action, petitioner has agreed that he did not file a notice of claim with John Myers individually, and petitioner has not requested relief from that portion of the order relating to Myers. Therefore, the court's order and findings regarding defendants Myers will not be disturbed.

As to the college and the community college district, we find compliance with the notice requirements of A.R.S. § 12–821(A). The trial court correctly denied the motions to dismiss and for summary judgment, but the court's findings regarding the lack of technical compliance with § 12–821(A) and inexcusable neglect must be vacated.

HOWARD, P.J., and ROLL, J., concur.

1. We are aware that § 12–822(A) provides that "service of summons in an action authorized in § 12–821 shall be made pursuant to Arizona Rules of Civil Procedure, Rule 4(D)." However, a logical reading of the two statutes reveals that the claim must be delivered or presented to the persons or agents described in Rule 4(d), while the actual civil summons and complaint must be served pursuant to the requirements of Rule 4.