763 P.2d 1382

Eric JOHNSON and Linda Johnson, husband and wife; Jerry Sterner and Kay Sterner, husband and wife; and the City of Tucson, a municipal corporation, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, and the Honorable Robert B. Buchanan, a judge thereof, Respondents,

and

Owowanta Ogbonnaya AHANONU, Real Party in Interest.

No. 2 CA–SA 88–0121.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 31, 1988.

Harrison, Rollman & Gabroy, P.C. by Barry Bursey, Tucson, for petitioners.

Law Offices of Ronald D. Mercaldo by Anthony J. Wiggins, Tucson, for real party in interest.

## OPINION

ROLL, Presiding Judge.

The sole issue in this special action is whether the mandatory notice of a claim required by A.R.S. § 12–821(A) must be presented to an individual public employee as a prerequisite to the maintenance of an action against that employee for injuries resulting from an act or omission allegedly committed in the scope of his employment. The issue presents a question of law which has resulted in inconsistent determinations in the superior court. The statutes involved in this case were recently enacted by the legislature, and the issue presented has not been addressed by the Arizona appellate courts. For these reasons, we assume jurisdiction. *See City of Tucson v. Fleischman,* 152 Ariz. 269, 731 P.2d 634 (App.1986).

## FACTS

Petitioners are the City of Tucson and Tucson Police Department officers Eric Johnson and Jerry Sterner. Petitioners are defendants in a superior court action brought by the real party in interest, Owowanta Ogbonnaya Ahanonu, who filed an action for damages for false arrest, false imprisonment, malicious prosecution, negligence, assault and battery, and deprivation of civil rights by the officers, and predicated liability of the city for their actions on the doctrine of *respondeat superior.* The claims arose from Ahanonu's arrest by Johnson and Sterner at a local grocery store on March 22, 1986. Ahanonu alleges that the police officers had no reason to arrest him and used excessive force

in accomplishing the arrest. There is no dispute that the officers were acting within the scope of their employment in this case.

Following the incident, Ahanonu presented a timely notice of claim to the city by service upon the city clerk. *See* A.R.S. § 12–821(A); *Creasy v. Coxon*, 156 Ariz. 145, 750 P.2d 903 (App.1987); Ariz.R.Civ.P. 4(d), 16 A.R.S. Ahanonu did not present notices of his claim to the individual officers. For that reason, petitioners moved in the trial court for dismissal of, or partial summary judgment on, Ahanonu's action against the individual officers, because he had failed to comply with the notice requirements of A.R.S. § 12–821(A). The trial court denied the motion, concluding that § 12–821(A) does not require a plaintiff to give notice of his claim to a public employee so long as notice has been served upon the public entity employer as required by the statute. For the following reasons, we disagree with the trial court's ruling.

## CLAIMS STATUTES

In 1984, the legislature passed a comprehensive act entitled "Actions Against Public Entities or Public Employees," which governs the immunity and liability of public entities and employees. 1984 Ariz.Sess. Laws, Ch. 285. The act presently is codified at A.R.S. §§ 12–820 to –826, and was enacted in the wake of our supreme court's landmark decision in *Ryan v. State*, 134 Ariz. 308, 656 P.2d 597 (1982), which had overruled the last vestiges of governmental tort immunity and held that the state and its agents may be held liable for their acts and omissions as in the private sector. The 1984 act replaced a previous statute which governed claims against the state on contract or for negligence. The new law applies to the state as well as its political subdivisions, A.R.S. § 12–820(6), and has been found applicable to municipal corporations. *City of Tucson v. Fleischman*, 152 Ariz. 269, 272, 731 P.2d 634, 637 (App. 1986).

Former A.R.S. § 12–821 provided:
Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and

conditions set forth in this article, bring action thereon against the state, and prosecute the action to final judgment.

The purposes of the statute were to provide notice to the state and an opportunity to investigate and assess its liability, to permit the possibility of settlement prior to litigation, and to assist in fiscal planning or budgeting. *State v. Brooks*, 23 Ariz.App. 463, 466, 534 P.2d 271, 274 (1975). The current notice statute, A.R.S. § 12–821(A), provides as follows:

Persons who have *claims against a public entity or public employee* shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained except upon a showing of excusable neglect if the action is brought within the otherwise applicable period of limitations, provided that if there is no excusable neglect, and if the absence of excusable neglect is because of the conduct of the claimant's attorney, then the action shall proceed, and *the public entity and public employee* shall have a right of indemnity against the claimant's attorney for any liability assessed in the action. (Emphasis added.)

In addition to the objectives of notice, settlement and fiscal planning, which we find implicit in this statute as well, the legislature expressly declared Arizona public policy to be "that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state." 1984 Ariz.Sess. Laws, Ch. 285, § 1(A). However, recognizing that the government's power to act for the public good is broad when compared with the activities of a private entrepreneur or enterprise and that "government should not have the duty to do everything that might be done," *id.*, the legislature provided for certain absolute and qualified immunities and affirmative defenses in favor of public

entities and their employees.[1] *See* A.R.S. §§ 12–820.01 to –820.05.

Petitioners argue that § 12–821(A) requires individual notice of claims to public employees as a prerequisite to bringing suit against them, relying upon *Creasy v. Coxon,* 156 Ariz. 145, 750 P.2d 903 (App. 1987). In *Creasy,* however, the issue of the plaintiff's failure to give individual notice to the employee in that case was not presented and was not decided.

■ Nevertheless, we agree with petitioners that § 12–821(A) unambiguously provides that both public entities and their employees are entitled to notice of claims against them. In construing a statute, the law requires us to give it such effect that no clause, sentence or word is rendered superfluous, void, contradictory or insignificant. *State v. Rodriguez,* 153 Ariz. 182, 186, 735 P.2d 792, 796 (1987); *State v. Superior Court for Maricopa County,* 113 Ariz. 248, 249, 550 P.2d 626, 627 (1976). To read § 12–821(A) as Ahanonu argues would render the words "public employee" meaningless. While it is true that the claims statutes are intended to protect a public entity, the legislature's decision to include public employees in the language of the statute constituted a departure from the language of the prior state claims statute. When read together with the immunities contained in the 1984 act and the indemnification provision contained in § 12–821(A), the statute can only be construed to require that notice be given to the public employee, as well as the public entity, for claims arising from acts or omissions committed or allegedly committed by the employee within the scope of his or her employment prior to the maintenance of lawsuits against them.

Additional support for this conclusion is found in the legislative history of the 1984 act. The act is partially derived from a combination of proposed legislation drafted by a governor's commission on governmental tort liability and a bill proposed but not passed by the legislature the previous year which was modeled after New Jersey's statutes. *See* Note, *A Separation of Powers Analysis of the Absolute Immunity of Public Entities,* 28 Ariz.L.Rev. 49, 50–51 (1986). In New Jersey, the law provides that "no action shall be brought against a public entity under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. 59: 8–3 (1972). The New Jersey courts have construed the plain language of their statute to mean that no notice of claim to a public employee is required prior to maintaining an action against the employee. *See Lutz v. Semcer,* 126 N.J. Super. 288, 314 A.2d 86, 92 (1974). Our legislature's inclusion of the words "or public employee" in § 12–821(A) evidences an intent to avoid the interpretation which the New Jersey courts have applied. In drafting § 12–821(A) to require that notice of claims be given to both the public entity and the public employee individually, the legislature insured that Arizona and its political subdivisions, as well as its employees, will be afforded the opportunity to investigate, settle and fully defend any claim against them. Arizona is not the only state which has determined that employees of the state and its political subdivisions are entitled to notice of claims against them arising in the scope of their employment. *See, e.g.,* Minn. Stat § 3.736(5) (1987) ("shall present to the attorney general of the state ... and any state employee from whom the claimant will seek compensation, ... a notice ..."); Wis.Stat. § 893.80(1)(a) (1983 and Supp. 1987) ("written notice ... served on the ... governmental subdivision or agency and on the officer, official, agent or employee....")

In view of our holding, we must next address the question of excusable neglect and attorney indemnification provided un-

---

1. A public employee is an officer, employee or servant of a public entity, "whether or not compensated or part-time, who is authorized to perform any act or service." A.R.S. § 12–820(1) and (5). The statutory definition specifically includes noncompensated, appointed advisory board members and excludes independent contractors. Thus, by definition, the "public employee" referred to in the 1984 act is a person who is authorized to act and the statutes are applicable only in situations where public employees have acted in the scope of employment.

der § 12–821(A). As quoted above, the statute provides that if a claim is not timely filed, a preliminary showing of excusable neglect will allow the action to proceed, so long as it has been brought within the applicable statute of limitations. Section 12–821(A) further provides that if there is no excusable neglect and the absence of excusable neglect results from the conduct of the claimant's attorney, the action nevertheless proceeds with the public entity and public employee having a right of indemnity against the attorney for any liability assessed against them in the lawsuit.

■ In this case, the parties agree that Ahanonu's failure to file individual claims with the police officers resulted from the conduct of his attorney. Petitioners are not, however, entitled to a dismissal or to summary judgment on Ahanonu's claim against the individual officers. Under § 12–821(A), the action against all of the petitioners may proceed and, if judgment is entered against the officers, they may seek indemnification from Ahanonu's counsel.

As we have held, any action against a public entity or public employee must be preceded by notice of the claim to each entity and each employee named in the subsequent lawsuit. In the instant case, if a judgment is entered against the officers and the City of Tucson, the officers may seek indemnification from Ahanonu's counsel, and it is for the court to determine whether counsel's neglect was excusable.[2] *City of Tucson v. Fleischman*, 152 Ariz. at 272, 731 P.2d at 637. Should the court determine that counsel's neglect was inexcusable, the officers' right of indemnity extends only to those judgments they personally are required to pay. In other words, the entity, having received timely and proper notice under § 12–821(A), is not entitled to indemnification from the claimant's attorney to the extent that it may be held vicariously liable for its employees'

conduct or may be required to indemnify its employees.[3]

The trial court's denial of petitioners' motion was correct, although based on erroneous reasoning. We therefore deny relief. The matter is remanded to the trial court for proceedings consistent with this opinion and with § 12–821(A).

LACAGNINA, C.J., concurs.

FERNANDEZ, Judge, dissenting.

I concur in the trial court's determination that timely and proper notice to the public entity satisfies the requirements of the new claims statute, A.R.S. § 12–821(A).

The previous state claims statute was intended to give the state notice and an opportunity to investigate its liability, to explore the possibility of settlement, and to assist in the budgeting process. *State v. Brooks*, 23 Ariz.App. 463, 534 P.2d 271 (1975). Those purposes are implicit in the current statute. In addition to the notice, settlement and fiscal considerations implicit in the statute, the legislature expressly declared Arizona public policy to be "that *public entities are liable* for acts and omissions of employees in accordance with the statutes and common law of this state." 1984 Ariz.Sess. Laws, ch. 285, § 1(A) (emphasis added).

A public entity acts through its employees, whose conduct gives rise to potential liability. An injured plaintiff may file suit against the public employee, the public entity employer, or both, but the public entity's liability for the employee's conduct is vicarious under the respondeat superior doctrine, which holds a public entity liable for any breach of duty by its employee or agent if committed while the employee is acting within the scope of employment.[1] See *State v. Superior Court of Maricopa County*, 123 Ariz. 324, 599 P.2d 777 (1979), overruled on other grounds, *State v. Gunnison*, 127 Ariz. 110, 618 P.2d 604 (1980); *Patterson v. City of Phoenix*, 103 Ariz. 64, 436 P.2d 613 (1968); *Stone v. Arizona*

**2.** In view of the confusion and inconsistent rulings regarding individual notices of claims, the court may find that counsel's neglect was excusable. However, that is not for us to decide.

**3.** *See* A.R.S. § 41–621(G) providing indemnification for state employees exercising discretionary power.

**1.** I note the exceptions provided in A.R.S. § 41–621.

*Highway Commission,* 93 Ariz. 384, 381 P.2d 107 (1963).

Looking to the investigatory, settlement and fiscal considerations of the act, the express legislative intent that public entities be liable for the conduct of their employees, the statutory definition of a public employee, A.R.S. § 12–820(1) and (5), and the fact that public entities act only through their agents and employees, I do not believe that the legislature intended § 12–821(A) to require notice of claims to individual public employees as a prerequisite to naming them as defendants in the resulting lawsuit. I would hold that § 12–821(A) requires notice only to the public entity as a prerequisite to bringing suit against the entity and/or its employees for injuries caused by their acts or omissions in the scope of their employment.[2] To require notice to the entity of claims against it or its employees arising from their conduct in the scope of employment does not contravene the rule of statutory construction cited by the majority. My interpretation gives full effect to the words "public employee" as the legislature intended. The other states' statutes cited by the majority require notice to their employees but do so explicitly in unambiguous language. Our statute provides that notice of claims shall be given but does not specify that notice shall be given to the individual employees. I believe the legislature clearly intended that notice must have been given to the public entity as a prerequisite to suit against either the entity or its employees in all claims against either public entities or their employees arising from the conduct of their employees in the scope of employment, whether or not the entity is named as a defendant in the subsequent lawsuit.

The 1984 changes in the claims act indicate a legislative intent to regulate the circumstances in which a claimant can sue a public entity, as well as a public employee acting within the scope of employment. The act grants immunity for employees' judicial, legislative or discretionary activities. A.R.S. § 12–820.01; see also A.R.S. § 41–621(H). It provides qualified immunity for certain activities involving arrest, probation and parole, licensing, and inspections of property. A.R.S. § 12–820.02. It precludes liability for punitive damages arising from acts of a public employee within the scope of employment. A.R.S. § 12–820.04. Moreover, the state is authorized to defend its employees, A.R.S. § 41–621(K), and to indemnify certain employees, A.R.S. § 41–621(H), under specified circumstances. A settlement of claims against the state is solely within the power of the department of administration, the attorney general and the joint legislative budget committee, and all other agencies and employees are precluded from assuming any such liability or obligation. A.R.S. § 41–621(L). Any and all claims must be directed to the attention of risk management services and, under the regulations promulgated by Arizona's department of administration, it is the risk management office which has the authority to deny such claims. A.A.C.R. 2–10–103(D).[3]

The 1984 act, which limits the liability of public employees under specified circumstances, when combined with the state's opportunity to either defend or settle claims against employees, shows a state interest in controlling the circumstances under which suit may be brought against public employees. The Maine Supreme Court, in responding to the same question with which we are presented, stated, "[T]hese regulations ultimately assist the governmental entity itself in attracting and keeping employees well qualified to carry out important functions of government."

---

**2.** This interpretation is consistent with the general rule under the law of respondeat superior that a plaintiff may file an action against the employer without naming the individual employees as defendants in order to hold the employer liable for the employees' negligent acts. *Arizona Property & Casualty Insurance Guaranty Fund v. Helme,* 153 Ariz. 123, 735 P.2d 445 (App.1986), aff'd in part, vacated in part on other grounds, 153 Ariz. 129, 735 P.2d 451 (1987).

**3.** I note a similar provision in the Tucson City Code which authorizes the city manager to settle claims against the city, its officers, appointees and employees and requires any settlement to be conditioned upon a release of the city as well as its employees. Tucson Code § 2–12.

512

*Darling v. Augusta Mental Health Institute,* 535 A.2d 421, 430 (Me.1987).[4]

The historical purpose for claims statutes, to allow the public entity an opportunity for investigation and settlement prior to litigation, read together with certain entities' rights to defend and, in some situations, their obligations to indemnify, employees is advanced by requirement of notice to the entity even though the entity is not joined as a defendant in the subsequent lawsuit.

Other states have resolved the question differently.[5] In New Jersey, the law provides: "[n]o action shall be brought against a public entity under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. 59:8–3. The New Jersey courts have construed that statute to mean that no notice of claim to a public employee is required prior to maintaining any action against the employee. See, e.g., *Lutz v. Semcer,* 126 N.J.Super. 288, 314 A.2d 86 (1974).[6] The Arizona legislature obviously intended to avoid that construction.

Petitioners' argument that a ruling consistent with my interpretation would result in indirect recoveries from public entities without the benefit of notice is unfounded. If a claimant intends to recover from an entity or a public employee acting in the scope of employment, § 12–821(A) must be followed. The attorney indemnification provisions of § 12–821(A) will apply in the fashion stated by the majority, and a public employee will have a right of indemnifica-

tion against the claimant's attorney if the attorney's failure to file a claim against the entity prior to bringing suit against the employee acting within the scope of employment constitutes inexcusable neglect.

In drafting A.R.S. § 12–821(A) to require notice to public entities of claims against either the entities or their employees, the legislature has insured that Arizona and its political subdivisions will be afforded the opportunity to investigate and explore settlement of all claims which may result in liability to the entity, whether through direct lawsuit or through indemnification, or to the public employees whose conduct within the scope of their public employment gave rise to the claim.

---

4. The Maine notice of claims statute provides: "Notice of claims against any political subdivision or an employee thereof shall be addressed to and filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision." 14 M.R.S.A. § 8107(3)(B). That section also provides: "No claim or action shall be commenced against a governmental entity or employee ... unless the foregoing notice provisions are substantially complied with." 14 M.R.S.A. § 8107(4).

5. See Cal. Government Code § 950 (West 1988) ("claim need not be presented as a prerequisite to the maintenance of an action against a public

employee ... for injury resulting from an act or omission in the scope of his employment").

6. As a result, the scenario posed by petitioners has arisen in the New Jersey courts. Referring to the situation as an "anomaly," *Lameiro v. West New York Board of Education,* 136 N.J.Super. 585, 347 A.2d 377, 380 (1975), it has been held that when an employee is entitled to indemnification by the public entity, a plaintiff can simply disregard the notice requirements and subsequently recover indirectly from the entity through indemnification. *Williams v. Adams,* 189 N.J.Super, 196, 459 A.2d 707 (1983). This problem is avoided by construing A.R.S. § 12–821(A) as I have.