161 P.3d 583

James L. **LEE**, individually and as the surviving husband of Teresa C. Lee, deceased; Kyung Hee Kim and Tae Gun Kim, children of Hyeon Bai Kim and Kyung Nim Bea Kim, deceased, Plaintiffs–Appellants,

v.

**STATE of Arizona**, a governmental entity, Defendant–Appellee.

No. 1 CA–CV 06–0145.

Court of Appeals of Arizona, Division 1, Department D.

July 12, 2007.

---

Copple Boehm & Murphy PC By Scott E. Boehm, Phoenix, and Gilcrease & Gorski PC By Glynn W. Gilcrease, Jr., Peter M. Gorski, Tempe, Attorneys for Appellants.

Terry Goddard, Attorney General By George Crough, Assistant Attorney General, Daniel P. Schaack, Assistant Attorney General, Phoenix, Attorneys for Appellee.

## OPINION

WEISBERG, Judge.

¶1 James L. Lee, Kyung Hee Kim and Tae Gun Kim ("plaintiffs") appeal the trial court's dismissal of their complaint for failing to comply with the notice of claim statute. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 On August 4, 2004, James Lee, Teresa Lee, Hyeon Bai Kim, and Kyung Nim Bea Kim were involved in a single-vehicle accident along U.S. Highway 93 in Arizona. Teresa Lee, Hyeon Bai Kim, and Kyung Nim Bea Kim died in the accident, and James Lee sustained serious injuries. On August 2, 2005, plaintiffs filed a complaint in Maricopa County Superior Court alleging that the State's negligence in designing and maintaining the guardrail along U.S. Highway 93 was a direct and proximate cause of plaintiffs' injuries.

¶3 The State moved to dismiss the complaint, asserting that plaintiffs had not filed a notice of claim as required by Arizona law. See Ariz.Rev.Stat. ("A.R.S.") § 12–821.01(A) (2003) ("Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee[.]"). In support, the State offered the affidavit of an Arizona Attorney General's Office employee whose job duties included maintaining a log of received notices

of claim.[1]  The employee avowed that she had searched the Arizona Attorney General's comprehensive records and had not found a notice of claim submitted by plaintiffs.

¶ 4 Plaintiffs responded that they had, in fact, submitted a notice of claim to the State. In support, plaintiffs offered a certificate of service indicating that on January 20, 2005, plaintiffs' counsel's secretary sent a notice of claim via regular United States mail in a sealed postage-paid envelope addressed to the Arizona Attorney General's Office.  Although plaintiffs did not provide any further proof of delivery aside from the certificate of service, they argued that delivering the notice to the United States Postal Service was sufficient to meet the filing requirement set forth in A.R.S. section 12–821.01(A).  At a minimum, plaintiffs argued, a question of fact existed regarding whether the State had actually received plaintiffs' notice of claim. The trial court granted the State's motion to dismiss.  See Ariz. R. Civ. P. 12(b).

¶ 5 Plaintiffs filed a motion for new trial and relief from judgment, arguing that a notice of claim may properly be delivered via regular United States mail and that A.R.S. § 12–821.01(A) does not require a plaintiff to establish indisputably that a notice of claim was successfully delivered.  The trial court denied plaintiffs' motion for new trial and relief from judgment.  Plaintiffs filed a timely appeal, and we have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## STANDARD OF REVIEW

¶ 6 The trial court was required to treat the State's motion to dismiss as a motion for summary judgment because the State attached evidence extrinsic to the pleadings, and we review its order dismissing the case accordingly.  Ariz. R. Civ. P. 12(b); Frey v. Stoneman, 150 Ariz. 106, 108–09, 722 P.2d 274, 276–77 (1986).  On appeal from summary judgment, we review questions of law de novo.  See, e.g., Pioneer Annuity Life Ins. Co. v. Rich, 179 Ariz. 462, 464, 880 P.2d 682, 684 (App.1994).  Summary judgment is appropriate only when the facts viewed in the

light most favorable to the party opposing the motion "have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense."  Orme Sch. v. Reeves, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

## DISCUSSION

¶ 7 Arizona's notice of claim statute provides, in relevant part:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.

A.R.S. § 12–821.01(A) (emphasis added). Failure to comply with the statute bars a plaintiff from pursuing the underlying cause of action.  Id.; see Salerno v. Espinoza, 210 Ariz. 586, 587–88, ¶ 7, 115 P.3d 626, 627–28 (App.2005) (compliance with notice of claim statute mandatory and essential prerequisite to maintaining an action against a public employee); Crum v. Superior Court, 186 Ariz. 351, 353, 922 P.2d 316, 318 (App.1996) (failure to include all claims and settlement amount in notice letter bars claim); State v. Barnum, 58 Ariz. 221, 231, 118 P.2d 1097, 1101 (1941) (State cannot be sued except upon its own terms and conditions.).

¶ 8 Plaintiffs assert that they fulfilled their obligation to file a notice of claim by mailing their notice to the Arizona Attorney General's Office within 180 days after the accrual of their cause of action.  The State contends, however, that merely placing the notice of claim in the mail was not sufficient to comply with A.R.S. § 12–821.01(A), and urges us to hold that plaintiffs were required as a matter of law to ensure that the State timely received the notice of claim.  The crux of our inquiry, then, is whether something more than the mailing of the notice of claim is required.  To answer this question, we exam-

---

1.  The parties do not dispute that the Arizona Attorney General was the proper agent for ser-  vice of the notice of claim.

ine the meaning of the word "file" as used in A.R.S. § 12–821.01(A).

¶9 Our primary goal in interpreting a statute is to determine and give effect to the intent of the Legislature. *In re Estate of Jung,* 210 Ariz. 202, 204, ¶ 12, 109 P.3d 97, 99 (App.2005). In determining the Legislature's intent, we initially look to the language of the statute itself. *Id.* "If the language is clear, the court must 'apply it without resorting to other methods of statutory interpretation' unless application of the plain meaning would lead to impossible or absurd results." *Bilke v. State,* 206 Ariz. 462, 465, ¶ 11, 80 P.3d 269, 272 (2003) (quoting *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994)). However, if the legislative intent is not clear from the statute, we consider other factors such as "the context of the statute, the language used, the subject matter, its historical background, its effects and consequences, and its spirit and purpose." *Estate of Jung,* 210 Ariz. at 204, ¶ 12, 109 P.3d at 99 (citation omitted).

¶ 10 Plaintiffs first argue that the common-law presumption that a properly-mailed document has been delivered should control despite the language of the statute. *See, e.g., State v. Mays,* 96 Ariz. 366, 367–68, 395 P.2d 719, 721 (1964) ("there is a strong presumption that a letter properly addressed, stamped and deposited in the United States mail will reach the addressee"). We, however, reject that argument because the cases on which plaintiffs rely do not apply the presumption of mailing in the context of a statute that explicitly requires that a notice be *filed. Accord Vacek v. USPS,* 447 F.3d 1248, 1252 (9th Cir.2006) (holding mailing presumption does not apply to claims submitted under the Federal Tort Claims Act when the government presents evidence that the claim was not received). Instead, those cases that apply a presumption of mailing do so in the absence of an applicable statute that imposes a filing requirement. *See Mays,* 96 Ariz. at 366, 395 P.2d at 719 (affirming trial court's admission of letter

regarding a bank's closure of defendant's account, which defendant denied receiving, based on mailing presumption and additional evidence that supported the presumption that defendant had received the letter); *Andrews v. Blake,* 205 Ariz. 236, 69 P.3d 7 (2003) (applying mailing presumption and determining that questions of fact existed regarding whether defendant had sent a letter exercising his option under a lease); *Gov't Employees Ins. Co. v.Super. Ct.,* 27 Ariz.App. 219, 553 P.2d 672 (1976) (holding trial court improperly denied insurer's motion for summary judgment where it was undisputed that insurer mailed policy cancellation even though insured disputed receipt of notice; policy terms stated that mailing of the notice would effect cancellation of insurance coverage). The presumption of mailing, therefore, must give way to a more specific statutory requirement.

¶ 11 We next note that those cases cited by plaintiffs as precedent for their interpretation of the statute are inapposite. For example, in *Creasy v. Coxon,* the public entity, a state college, admitted that it had received the plaintiff's notice of claim. 156 Ariz. 145, 147, 750 P.2d 903, 905 (App.1987). Given that admission, we held that the plaintiff had met his burden to show that delivery was actually made, even though such delivery was accomplished by mail. *Id.* at 148, 750 P.2d at 906. However, we cautioned that "[i]n cases where a public entity or public employee challenges the notice given, the claimant must show that delivery was actually made."[2] *Id.; cf. Falcon v. Maricopa County,* 212 Ariz. 144, 128 P.3d 767 (App.2006) *Blauvelt v. Maricopa County,* 160 Ariz. 77, 770 P.2d 381 (App.1988) (county challenged only the person upon whom plaintiff served his claim, not the method of service).

¶ 12 Here, in contrast, the State offered uncontroverted evidence that it did not receive plaintiffs' notice of claim. Although plaintiffs speculate that the State might have received their notice of claim and misplaced it, or even deliberately destroyed it, they

2. *Creasy* was decided under the previous version of A.R.S. § 12–821.01(A), which stated, in relevant part, "[p]ersons who have claims against a public entity or public employee shall file such

claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D)[.]"

presented no evidence to support such speculation, and thus did not assert a fact that would prevent the award of summary judgment. *See Orme Sch.,* 166 Ariz. at 309, 802 P.2d at 1008 (evidence that creates the "slightest doubt" of a fact insufficient to preclude summary judgment).

¶ 13 Plaintiffs next rely on *Howland v. State,* which is also distinguishable from the instant case. 169 Ariz. 293, 818 P.2d 1169 (App.1991). In *Howland,* we concluded that the plaintiff, an inmate who submitted an affidavit asserting that he had placed his notice of claim in the prison mail system, had presented sufficient reasons to justify the untimely filing of his notice of claim. *Id.* at 297, 818 P.2d at 1173. Our conclusion was based on a previous version of the notice of claim statute, A.R.S. § 12–821, which permitted a plaintiff to prosecute a cause of action if he could prove that his failure to file a notice of claim was due to excusable neglect. *Id.* We held that the fact that the plaintiff in *Howland* was obliged to use the prison mail system necessarily limited his ability to ensure timely delivery and thereby justified the resulting delay in filing. *Id.*

¶ 14 Here, of course, delay is not the issue and plaintiffs were free to choose the means of delivery. Their argument, instead, is that they fulfilled their statutory obligation to "file" their notice of claim with the State when they placed the notice in the mail. To consider this argument, we turn first to the statute itself.

¶ 15 Section 12–821.01(A) requires that a claimant "file" his or her claim with the appropriate person, but does not explicitly define the term "file." *Id.* When a statutory term is not explicitly defined, we assume, unless otherwise stated, that the Legislature intended to accord the word its natural and obvious meaning, which may be discerned from its dictionary definition. *State v. Jones,* 188 Ariz. 388, 392, 937 P.2d 310, 314 (1997). *Black's Law Dictionary* defines "file" as "[t]o deliver an instrument or other paper to the proper officer or official for the purpose of being kept on file as a matter of record and reference in the proper place." *Black's Law Dictionary* 433 (6th ed. (abridged) 1991). The Arizona Supreme Court has adopted a

similar definition of "file" in a comparable context. *See Narramore v. Fannin's Gas & Equip. Co.,* 80 Ariz. 115, 118, 293 P.2d 671, 673 (1956) (defining "file" as to deliver a paper or instrument "to the proper officer so that it is received by him to be kept on file, or among the records of his office") (quoting *Webster's New International Dictionary); see also United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916) ("Filing ... is not complete until the document is delivered and received. 'Shall file' means to deliver to the office, and not send through the United States mails. A paper is filed when it is delivered to the proper official and by him received and filed.") (Citations omitted). Similarly, in other contexts, the Arizona Legislature has defined "file" to mean actual delivery. *See, e.g.,* A.R.S. § 23–947(B) (Supp.2006) (" 'Filed' means that the request for hearing is in the possession of the commission."). We, therefore, conclude that "file" as set forth in A.R.S. § 12–821.01(A) requires that those persons asserting claims against public entities or public employees do so by *actually delivering* or ensuring the actual delivery of the notice of claim to the appropriate person within the statutory period.

¶ 16 This interpretation of "file" also comports with the purpose of A.R.S. § 12–821.01(A), which is to afford the public entity an opportunity to investigate the claim asserted against it, assess its potential liability, and negotiate a possible settlement to avoid costly litigation. *Barth v. Cochise County,* 213 Ariz. 59, 62, ¶ 9, 138 P.3d 1186, 1189 (App.2006). A notice of claim that is not actually delivered to the public entity deprives it of that opportunity. Thus, it is appropriate that the party seeking to pursue a claim bear the burden of ensuring that the notice is actually delivered. To hold otherwise would both frustrate the statute's purpose and undermine the timeliness requirement. A.R.S. § 12–821.01(A) (filing of notice of claim must occur "within one hundred eighty days after the cause of action accrues"); *see Pinal Vista Prop., L.L.C. v. Turnbull,* 208 Ariz. 188, 190, ¶ 10, 91 P.3d 1031, 1033 (App.2004) (every word or phrase of a statute must be given meaning so that

no part is rendered void, superfluous, contradictory or insignificant).

¶ 17 Accordingly, we hold as a matter of law that plaintiffs did not satisfy the filing requirements of A.R.S. § 12–821.01(A) by simply mailing their notice of claim. Furthermore, even when viewing the facts and inferences in the light most favorable to plaintiffs, as we must, *Riley, Hoggatt & Suagee v. English,* 177 Ariz. 10, 12, 864 P.2d 1042, 1044 (1993), we determine that plaintiffs did not raise a material question of fact regarding whether the State actually received their notice of claim and that the grant of summary judgment to the State is therefore appropriate.

### CONCLUSION

¶ 18 For the reasons set forth above, we affirm the trial court's judgment.

CONCURRING: LAWRENCE F. WINTHROP, Presiding Judge and SUSAN A. EHRLICH, Judge.

