NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SAMANTHA WEBB, an adult individual, *Plaintiff/Appellant*,

*v.*

COLLIN REED KNIGHT and JANE DOE KNIGHT, husband and wife;
COCONINO COUNTY, a governmental entity; SHERIFF JIM DRISCOLL,
an adult individual; COCONINO COUNTY SHERIFF'S OFFICE, a
governmental entity, *Defendants/Appellees*.

No. 1 CA-CV 25-0401

FILED 05-15-2026

Appeal from the Superior Court in Coconino County
No. S0300CV202300466
The Honorable Brent Davidson Harris, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Sweet James Lawyers, LLC, Phoenix
By Jeffrey J. Spamer
*Counsel for Plaintiff/Appellant*

Jellison Law Offices, PLLC, Scottsdale
By James M. Jellison
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

**¶1**   Samantha Webb appeals from the superior court's order dismissing her complaints against Coconino County Deputy Collin Knight and former Coconino County Sheriff Jim Driscoll under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, we affirm the grant of dismissal against Knight, vacate the dismissal against Driscoll, and remand for proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**   On September 14, 2022, Knight rear-ended Webb while driving a Coconino County Sheriff's Office ("CCSO") vehicle. In March 2023, Webb's process server delivered notices of claim against Knight and Driscoll to front desk staff at the CCSO. In September 2023, Webb filed a complaint alleging direct negligence claims against Knight and vicarious liability claims against Driscoll, Coconino County, and the CCSO.

**¶3**   In January 2025, the defendants moved to dismiss Webb's complaint on the grounds that 1) Knight was improperly served with the notice of claim, 2) the notice of claim against Driscoll did not satisfy the sum certain requirement, 3) Coconino County could not legally be liable for a deputy, and 4) the CCSO was a non-jural entity which could not be sued. With their motion, the defendants attached the notices of claim and an affidavit from Knight stating that he did not know the front desk employee and never authorized her, nor anyone else, to accept a notice of claim on his behalf.

**¶4**   Webb filed a response, attaching her own exhibits showing the front desk employee told Webb's process server the employee was authorized to accept service for deputies, and that deputies had been served in this manner before. Webb also requested discovery into whether the CCSO front desk staff were in fact authorized by the Sheriff to accept service for deputies. Webb agreed Coconino County and the CCSO should be dismissed, and the court dismissed them with prejudice.

**¶5** After a hearing on the motion to dismiss, the court dismissed Webb's claims against Knight and Driscoll. Webb has timely appealed the dismissal, and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I. Standard of Review

**¶6** When the defendants filed their motion to dismiss, they attached documents outside Webb's complaint. In her response, Webb also attached documents. These "matters outside the pleadings," which the court necessarily considered in the hearing, converted the motion to dismiss into a motion for summary judgment. Ariz. R. Civ. P. 12(d); *Vasquez v. State*, 220 Ariz. 304, 308, ¶ 8 (App. 2008).

**¶7** Accordingly, "in reviewing an order granting summary judgment, we construe all facts in support of the opponent of the motion and will affirm only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6 (App. 2008); Ariz. R. Civ. P. 56(a). We review *de novo* whether the notice of claim complied with the notice of claim statute, Arizona Revised Statutes Section 12-821.01. *Vasquez*, 220 Ariz. at 308, ¶ 8.

### II. Service of Notice of Claim on Knight

**¶8** The notice of claim statute requires claims against a public employee to be filed "with the person or persons authorized to accept service for the . . . public employee as set forth in the Arizona rules of civil procedure." A.R.S. § 12-821.01(A). When serving a notice of claim against individuals, the general service rules under Rule 4.1(d) apply. *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 61, ¶ 20 (App. 2010). The parties agree that Knight was not served personally or at his residence. *See* Ariz. R. Civ. P. 4.1(d)(1)–(2). They only dispute whether Knight was properly served under Rule 4.1(d)(3), which allows an individual to be served through "an agent authorized by appointment or by law to receive service" on behalf of the individual.

**¶9** Webb contends that service was proper because Driscoll appointed the front desk employee as his deputies' agent. Knight argues that he, as the principal, was the only one who could authorize an agent on his behalf, and that he never appointed the front desk employee as his agent.

**¶10**        For purposes of service under Rule 4.1(d)(3), an agent must have "actual authority to accept service or . . . apparent authority to do so based on the principal's actions." *Stanwitz v. Reagan*, 245 Ariz. 344, 351, ¶ 26 (2018). Knight, not Driscoll, is the principal. The record contains no evidence that Knight ever conferred such authority on the front desk employee. On the contrary, Knight submitted an affidavit stating he did not know the front desk employee, much less authorize her as his agent. Webb insists the court cannot rely on Knight's self-serving affidavit, yet she alleges no facts to dispute it because her argument rests entirely on Driscoll being the one who authorized service. *See Simon*, 225 Ariz. at 61–62, ¶¶ 20–22 (summary judgment in favor of individual police officers was proper when plaintiff provided no evidence contradicting the officers' affidavits that they had not been served).

**¶11**        Webb's reliance on *Sanchez v. Maricopa County*, __ Ariz. __, 572 P.3d 101 (2025) is misplaced. She argues *Sanchez* creates an exception to this rule by holding the Sheriff alone controls and disciplines the deputies. Thus, she argues, it "logically follows" that the Sheriff can appoint agents to accept service on the deputies' behalf.

**¶12**        But *Sanchez* assessed control in the context of a sheriff's vicarious liability for deputies, not the power to appoint agents for deputies. *Id.* at __, ¶¶ 1–2, 572 P.3d at 104. Put differently, *Sanchez* holds that Webb may sue Driscoll for the negligence of Knight but does not hold that Driscoll can authorize service for Knight.

**¶13**        Nor does such a conclusion "logically follow," as Webb urges. A person with a claim against a public employee "must give notice of the claim to *both* the employee individually and to his employer." *Crum v. Superior Court*, 186 Ariz. 351, 352 (App. 1996). Reliance on an internal office policy to forward a notice of claim to the proper party is insufficient under Rule 4.1. *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 530, ¶ 27 (2006). If a sheriff could appoint an agent to accept service for his deputies, without his deputies' knowledge, then a plaintiff aggrieved by a deputy could satisfy the notice of claim statute without the deputy ever learning of the claim. Webb's proposed interpretation would thwart the purposes of the notice of claim statute: to provide both the public employer and employee "notice . . . and an opportunity to investigate and assess [] liability, to permit the possibility of settlement prior to litigation, and to assist in fiscal planning or budgeting." *Johnson v. Superior Court*, 158 Ariz. 507, 508 (App. 1988); *see* A.R.S. § 12-821.01(A).

¶14 Webb has not alleged any facts showing that Knight authorized the front desk employee to accept service for him. There is thus no genuine dispute that Knight was improperly served.

¶15 Webb also argues the superior court abused its discretion by denying her motion to conduct limited discovery into whether Driscoll appointed the front desk employee as Knight's agent. But whether Driscoll told the employee she was generally authorized to accept service is immaterial because the relevant inquiry is whether Knight told the employee she was authorized to accept service for him individually. The court did not abuse its discretion in denying additional discovery.

### III. Sufficiency of the Facts in Driscoll's Notice of Claim

¶16 Webb next argues the court erred in dismissing her claim against Driscoll. Claimants must strictly comply with Section 12-821.01(A). *Swenson v. Pinal County*, 243 Ariz. 122, 125, ¶ 7 (App. 2017). A notice of claim shall "contain facts sufficient to permit the public entity . . . to understand the basis on which liability is claimed" and "contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A). The Sheriff is a "public entity" for purposes of the notice of claim statute. *Sanchez*, __ Ariz. at __, ¶ 31, 572 P.3d at 110–11.

¶17 To strictly comply with the notice of claim statute, Webb had to assert "facts sufficient to permit the [Sheriff]" to understand the basis of his office's potential liability. A.R.S. § 12-821.01(A). Driscoll argues Webb's notice of claim did not sufficiently put him on notice because it was directed at the CCSO, a non-jural entity that cannot sue or be sued, *see Sanchez*, __ Ariz. at __, ¶ 27, 572 P.3d at 110, and not Driscoll individually. But Driscoll is the head of the CCSO. It is an "administrative creation of the sheriff" through which he conducts his business. *Id.* at __, ¶ 31, 572 P.3d at 111. Webb naming the CCSO instead of the Sheriff is not dispositive as to whether Driscoll had sufficient notice of his potential liability when he is the head of the CCSO and is the only public entity who could be vicariously liable for Knight's negligence. *Compare with Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351–52, ¶ 26 (App. 2007) (the director of a county agency was not properly put on notice of a claim against her by a notice of claim directed to the county—a proper jural entity—when the notice of claim alleged torts committed by generic "[county agency] officials").

¶18 Here, Webb alleged liability against Knight's employer and served the notice of claim against Knight's employer. She addressed her notice of claim to Driscoll in his official capacity as the Coconino County

Sheriff. She alleged, in detail, that one of his deputies negligently crashed his county vehicle into her car while acting in the course and scope of his employment with the sheriff's office. These facts were sufficient to permit Driscoll to understand his potential liability.

**¶19** And Webb's notice of claim satisfied Section 12-821.01(A)'s sum certain requirement. Driscoll concedes that Webb clearly and unequivocally included "a particular and certain amount of money" for which the CCSO, and by extension the Sheriff, could settle her claim. *City of Mesa v. Ryan*, 258 Ariz. 297, 300, ¶ 10 (2024). "No more is required." *Donovan v. Yavapai Cmty. Coll. Dist.*, 244 Ariz. 608, 611, ¶ 9 (App. 2018).

**¶20** Webb alleged facts sufficient for Driscoll to understand the basis upon which she claimed liability. She made a sum certain demand for which her claim could be settled. And she properly served the notice of claim on Driscoll through his appointed agent. Accordingly, Webb strictly complied with the notice of claim statute. The superior court erred by dismissing her claim against the Sheriff.

## CONCLUSION

**¶21** We affirm Knight's dismissal. We vacate the dismissal of the Coconino County Sheriff and remand for additional proceedings. Because Driscoll has retired, his successor is automatically substituted as a party. *See* Ariz. R. Civ. P. 25(d); *Sanchez*, __ Ariz. at __, ¶ 31, 572 P.3d at 110.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR