SUPREME COURT OF ARIZONA
EN BANC

| | |
|---|---|
| GUADALUPE FALCON, Deceased, by and through her surviving children ANTONIO SANDOVAL, JR.; GUADALUPE PRATT; LYDIA SANDOVAL; FRANCISCO SANDOVAL; AURORA SANDOVAL; JOSE SANDOVAL; REYNALDO SANDOVAL; ALFREDO SANDOVAL, | ) Arizona Supreme Court ) No. CV-06-0106-PR ) ) Court of Appeals ) Division One ) No. 1 CA-CV 04-0801 ) ) Maricopa County ) Superior Court |
| Plaintiffs-Appellants, | ) No. CV2003-007177 ) |
| v. | ) ) |
| MARICOPA COUNTY, a body politic; MARICOPA INTEGRATED HEALTH CARE SYSTEM, d/b/a MARICOPA COUNTY MEDICAL CENTER, an Arizona hospital, | ) **O P I N I O N** ) ) ) ) ) |
| Defendants-Appellees. | ) ) ) |

Appeal from the Superior Court in Maricopa County
The Honorable Thomas Dunevant, III, Judge

**AFFIRMED**

_____

Opinion of the Court of Appeals Division One
212 Ariz. 144, 128 P.3d 767 (2006)

**AFFIRMED IN PART, VACATED IN PART**

_____

ROBBINS & CURTIN, P.L.L.C.                                    Phoenix
     By    John M. Curtin

And

VICTORIA GRUVER CURTIN, P.L.C.                          Scottsdale
     By   Victoria Curtin
Attorneys for Antonio Sandoval, Jr., Guadalupe Pratt,
Lydia Sandoval, Francisco Sandoval, Aurora Sandoval,
Jose Sandoval, Reynaldo Sandoval, and Alfredo Sandoval

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY                Phoenix
     By   Bruce P. White, Deputy County Attorney
Attorneys for Maricopa County and Maricopa Integrated
Health Care System, d/b/a Maricopa County Medical Center

JONES SKELTON & HOCHULI P.L.C.                           Phoenix
     By   Eileen Dennis GilBride
Attorneys for Amici Curiae Apache County, Cochise
County, Coconino County, Gila County, Graham County,
Greenlee County, La Paz County, Mohave County, Navajo
County, Pima County, Pinal County, Santa Cruz County,
Yavapai County, Yuma County, City of Phoenix, The
Arizona School Board Association, The Arizona School
Risk Retention Trust, and The League of Arizona Cities
and Towns

_____

R Y A N, Justice

¶1        Before suing a public entity for damages, a plaintiff
must file a notice of claim "with the person or persons
authorized to accept service for the public entity . . . as set
forth in the Arizona rules of civil procedure within one hundred
eighty days after the cause of action accrues."  Ariz. Rev. Stat.
("A.R.S.") § 12-821.01(A) (2003).   If the public entity is a
county, the persons authorized to accept service under Arizona
Rule of Civil Procedure 4.1(i) are either "the chief executive
officer, the secretary, clerk, or recording officer thereof."

¶2        This case requires us to decide whether delivery of a
notice of claim to one member of a county board of supervisors

2

complies with A.R.S. § 12-821.01(A) and Rule 4.1(i). We hold that the board of supervisors is the chief executive officer of the county for purposes of Rule 4.1(i) and that delivering a notice of claim to only one member of the board does not comply with the requirements of either the statute or the rule.

**I**

¶3 Guadalupe Falcon died after receiving care at Maricopa Medical Center, a facility owned and operated by Maricopa County. The Falcon children ("plaintiffs") decided to sue Maricopa County, among others, for medical malpractice.

¶4 Attempting to comply with A.R.S. § 12-821.01(A), the plaintiffs sent a notice of claim letter by certified mail to Supervisor Andrew Kunasek, a member of the Maricopa County Board of Supervisors. The receipt for the certified letter was signed for by an agent of the county authorized to sign for such mail. The letter was apparently lost at an undetermined point. The record does not disclose whether the letter was delivered to Supervisor Kunasek's office. Had the letter been so delivered, the office policy would have been for Mr. Kunasek's secretary to forward it to the clerk of the board of supervisors.

¶5 After failing to receive a response to their notice of claim letter, the plaintiffs filed a lawsuit against Maricopa County. Maricopa County subsequently filed a motion for summary judgment contending that the plaintiffs had not served a notice

3

of claim on a "person or persons authorized to accept service for the [county] . . . as set forth in the Arizona rules of civil procedure." A.R.S. § 12-821.01(A). The superior court granted summary judgment in favor of the county. The plaintiffs appealed, asserting that delivery of a certified letter to one member of the board of supervisors satisfies the requirements of A.R.S. § 12-821.01(A) and Rule 4.1(i).

¶6        The court of appeals, in a divided opinion, reversed and held that service on one member of the board satisfies Rule 4.1(i). *Falcon v. Maricopa County*, 212 Ariz. 144, 148, ¶ 17, 128 P.3d 767, 771 (2006). The majority first held that the board of supervisors of Maricopa County is its chief executive officer. *Id.* at 147, ¶ 11, 128 P.3d at 770. The majority then held that Rule 4.1(i) allows a board of supervisors to be "served through one member of the board." *Id.* at 148, ¶ 15, 128 P.3d at 771. In so concluding, the majority relied heavily on Rules 4.1(j) and (k), which it read as allowing service on a multi-person entity through service on one member of the entity. *Id.* at 147-48, ¶¶ 15-16, 128 P.3d at 770-71.

¶7        Judge Orozco dissented. She agreed with the majority that the board of supervisors of Maricopa County is its chief executive officer. *Id.* at 149, ¶¶ 19, 21, 128 P.3d at 772. She did not think, however, that other subsections of Rule 4.1 should inform the court's interpretation of Rule 4.1(i). *Id.* at

¶¶ 24-25. In addition, Judge Orozco concluded that the majority's holding did not harmonize A.R.S. § 12-821.01(A) with Rule 4.1(i). *Id.* at ¶ 22. She concluded that service on one member of the board was insufficient to comply with the statute and the rule. *Id.* at 149, ¶ 21, 128 P.3d at 772.

¶8        We granted Maricopa County's petition for review because the court of appeals' interpretation of Rule 4.1(i) has important legal and practical consequences for political subdivisions of the State. We have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II

¶9        The notice of claim requirements in A.R.S. § 12-821.01 serve "to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Martineau v. Maricopa County*, 207 Ariz. 332, 335-36, ¶ 19, 86 P.3d 912, 915-16 (App. 2004). A notice of claim must therefore contain a statement of the facts that establish the basis for liability and an amount for which the claim can be settled. A.R.S. § 12-821.01(A).

¶10        If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute. *Salerno v. Espinoza*, 210 Ariz. 586, 589, ¶ 11, 115 P.3d 626, 629

5

(App. 2005). Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A). *See Martineau*, 207 Ariz. at 335, ¶¶ 15, 17, 86 P.3d at 915.

¶11    The plaintiffs contend that when they sent their notice of claim to Mr. Kunasek, a member of the board of supervisors, they complied with Rule 4.1(i). Maricopa County, on the other hand, argues that delivery of a notice of claim to a single member of the board does not comply with the rule. Alternatively, the county and *amici*, which include various Arizona counties, cities, and school boards, assert that the Maricopa county manager, not the board of supervisors, is the county's "chief executive officer."

¶12    To decide whether service upon one member of a county board of supervisors satisfies Rule 4.1(i), we must first determine whether the board of supervisors is the "chief executive officer" of the county. If the whole board is the chief executive officer, we must then decide whether service upon one member of that body satisfies Rule 4.1(i).

### III

### A

¶13    Rule 4.1(i) does not define the term "chief executive officer." With respect to municipal corporations such as cities and towns, the mayor is statutorily denominated the chief

6

executive officer.  A.R.S. § 9-236 (1996); *id.* § 9-273(B) (Supp. 2005).  But with other governmental subdivisions, such as counties and school boards, the statutes do not specifically identify the chief executive officer.

¶14     "Executive" is generally defined as "[t]he branch of government responsible for effecting and enforcing laws; the person or persons who constitute this branch."  Black's Law Dictionary 610 (8th ed. 2004).  An officer is "[a] person who holds an office of trust, authority, or command."  *Id.* at 1117. The word "chief" means "[a] person who is put above the rest; the leader."  *Id* at 253.  A chief executive officer, therefore, is the individual or entity that controls, supervises, and has the ultimate responsibility for ensuring the proper function of a governmental entity. Based upon the statutory powers and duties of a board of supervisors, we conclude that a county's board of supervisors is its chief executive officer.

¶15     The board's powers include supervising county officers, A.R.S. § 11-251(1) (Supp. 2005); levying taxes, *id.* § 11-251(12); maintaining and controlling public roads, ferries and bridges, *id.* § 11-251(4); providing for county hospitals, *id.* § 11-251(5); erecting jails and courthouses, *id.* § 11-251(8); "[making] and enforc[ing] all local, police, sanitary and other regulations not in conflict with general law," *id.* § 11-251(31); and purchasing real property, *id.* § 11-251(45).

Most importantly for purposes of this case, the board has the power to "[d]irect and control the prosecution and defense of all actions to which the county is a party, and compromise them." *Id.* § 11-251(14).

¶**16**     Because the board of supervisors has general supervisory powers and policy-making responsibility for the county, including the direction and control of lawsuits against the county, we agree with the court of appeals that the board is the chief executive officer of the county. *See Falcon*, 212 Ariz. at 147, ¶ 11, 128 P.3d at 770; *see also Blauvelt v. County of Maricopa*, 160 Ariz. 77, 79, 770 P.2d 381, 383 (App. 1988) (concluding that "[t]he chief executive officer or body of Maricopa County is the board of supervisors").

¶**17**     Like the court of appeals, we reject the argument that the county manager of Maricopa County is its chief executive officer. *See Falcon*, 212 Ariz. at 146, ¶ 9, 128 P.3d at 769. The Board of Supervisors created the position of county manager. *See* Maricopa County Bd. of Supervisors Minutes, January 2, 1953. The county manager's duties include "coordinat[ing] and control[ling] all administrative branches of said County *under the direction and control of the Board of Supervisors*." *Id.* (emphasis added).    The resolution creating the county manager position cautioned, however, that "nothing in this resolution shall be construed as a delegation of the statutory or implied

8

powers of the Board of Supervisors of Maricopa County." *Id.* The county manager is appointed by the board and "serve[s] at the will of the board." Maricopa County Admin. Manual, § A1501(B)(2) (Nov. 1991). The county manager, accordingly, is plainly not the chief executive officer of the county; rather, the board remains ultimately responsible for ensuring the proper operation of county government. *See id.* § A1501(B)(1). Finally, a county manager is not a statutory officer listed in A.R.S. § 11-401(A) (2001), and not all counties have county managers. Consequently, treating a county manager as the chief executive officer of a county would create confusion for claimants in determining the "person or persons authorized to accept service for the public entity." A.R.S. § 12-821.01(A).[1]

¶18 Because we hold that the board of supervisors is the chief executive officer of a county, we now turn to the question of whether the board of supervisors may be served through one of its members.

---

[1] Maricopa County has specifically authorized the clerk of the board of supervisors to accept filings of notices of claims. *See* Maricopa County Risk Management, Notice of Claim Form Against Maricopa County 3, http://www.maricopa.gov/Clk_board/pdf/Claimform_Notice.pdf (last visited Oct. 24, 2006) (stating specifically that the notice of claim form should be returned to the clerk of the board of supervisors and providing no alternate address or means of service). The plaintiffs did not serve their claim on the clerk of the board.

9

**B**

¶**19**      The plain language of Rule 4.1(i) requires service on the chief executive officer, and the parties agree that Mr. Kunasek, as a member of the board, is not the chief executive officer of the county.   Thus, the issue is whether service on one member of the board is service on all for purposes of the rule.

¶**20**      Although the individual members of the board are officers of the county, A.R.S. § 11-401(A)(7), the board cannot exercise its executive power except through collective action of the majority of the board because the county board of supervisors is a "public body."   A.R.S. § 38-431(6) (2001). "All legal action of public bodies shall occur during a public meeting."   A.R.S. § 38-431.01(A) (2001).   "'Legal action' means a collective decision, commitment or promise made by a public body pursuant to the constitution, the public body's charter, bylaws or specified scope of appointment and the laws of this state."   A.R.S. § 38-431(3).

¶**21**      Individual supervisors do not have the power to "[d]irect and control the prosecution and defense of all actions to which the county is a party, and compromise them." A.R.S. § 11-251(14).   Delivery of a notice of claim to only one board member does not further the purpose of A.R.S. § 12-821.01(A) by providing the county the opportunity to consider the claim and

10

possibly settle it. *See Falcon*, 212 Ariz. at 149, ¶ 23, 128 P.3d at 772 (Orozco, J., dissenting). Therefore, serving one member of the board does not constitute service on the "chief executive officer" of a county for the purposes of Rule 4.1(i).

### C

¶22    The court of appeals' majority opinion nevertheless found three reasons to support its decision that serving a notice of claim on one member of the board suffices for purposes of Rule 4.1(i). First, it examined language in subsections (j) and (k) of Rule 4.1, which describe how to serve entities other than those listed in subsection (h) or (i). *Falcon*, 212 Ariz. at 147-48, ¶ 15, 128 P.3d at 770-71. Reliance on these two subsections to interpret Rule 4.1(i) was misplaced.

¶23    Three subsections of Rule 4.1 address the proper method for service upon government entities. Rule 4.1(h) governs service upon the state.[2] Rule 4.1(i) describes the method of service on counties, municipal corporations, or other governmental subdivisions. Rule 4.1(j) directs the method of service on governmental entities not listed in either subsection (h) or (i). Specifically, Rule 4.1(j) states:

> *Service upon any governmental entity not listed above* shall be effected by serving the person, officer,

---

[2]    Rule 4.1(h) provides: "If a waiver has not been obtained and filed, service upon the state shall be effected by delivering a copy of the summons and of the pleading to the attorney general."

11

> group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the "group" or "body" responsible for the administration of the entity shall be sufficient.

*Id.* (emphasis added). By its plain language, Rule 4.1(j) does not apply here. Because the requirements for serving a county are specifically set forth in Rule 4.1(i), Rule 4.1(j) has no relevance in determining the proper person to be served when a claim is made against a county. Similarly, Rule 4.1(k) is not applicable because it describes the procedure for serving corporations, partnerships, or other unincorporated associations, not governmental entities.

¶24 Second, the court of appeals cited its "duty to liberally construe procedural rules that do not speak to a set of facts," so as not to create a trap for the unwary. *Falcon*, 212 Ariz. at 148, ¶ 16, 128 P.3d at 771 (citing *Nielsen v. Patterson*, 204 Ariz. 530, 533, ¶ 13, 65 P.3d 911, 914 (2003) (suggesting that courts should not construe ambiguous rules of civil procedure restrictively)). This rule of interpretation, however, does not apply because Rule 4.1(i) plainly lists the entities or persons who are authorized to accept service on behalf of a county.

¶25 Third, the court of appeals noted that serving only one member of the board adequately accomplishes the purposes of

12

A.R.S. § 12-821.01(A), which include putting the county on notice and giving it an opportunity to resolve forthcoming claims. *Falcon*, 212 Ariz. at 148, ¶ 16, 128 P.3d at 771. Serving one member of the board of supervisors, however, does not fulfill the purposes of the notice-of-claim statute. As this case illustrates, service of a notice of claim upon a single member of a multi-member political entity does not necessarily result in successful notice to the entity as a whole, which is the point of A.R.S. § 12-821.01(A) and Rule 4.1(i).

¶26    Finally, the rule fashioned by the majority below could create serious problems for other political subdivisions covered by Rule 4.1(i). An interpretation of Rule 4.1(i) that "service may validly be completed on an individual member of a governing board has the potential for numerous problems, unintended or otherwise, considering the part-time nature of many of these positions." *Falcon*, 212 Ariz. at 149, ¶ 26, 128 P.3d at 772 (Orozco, J., dissenting). Many of the part-time members of political subdivisions, such as school boards, may not appreciate the significance of a notice of claim or realize that such a claim must be acted upon within sixty days. *See* A.R.S. § 12-821.01(E) ("A claim against a public entity or public employee . . . is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial

13

in writing before the expiration of sixty days."). Moreover, the individual served may have no reason to think that he or she was the only member served, and so might not think it necessary to inform others. As a result, interpreting Rule 4.1(i) to permit filing of a notice of claim on a single member of a multi-member chief executive officer of such political subdivisions could undermine the purposes of A.R.S. § 12-821.01(A).

**IV**

¶27 The plaintiffs nevertheless contend that they properly filed their notice of claim with the clerk of the board of supervisors because Mr. Kunasek's office policy was to forward the letter to the board's clerk. We reject this argument as speculative; the rule requires service on the board, not on someone whose usual practice is to forward the claim to the board.

¶28 The plaintiffs rely on *Creasy v. Coxon*, 156 Ariz. 145, 750 P.2d 903 (App. 1987)[3], in asserting that service on an agent

---

[3] *Creasy* was decided under the previous version of A.R.S. § 12-821.01(A), which stated that "[p]ersons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues." A.R.S. § 12-821 (Supp. 1985). Although *Creasy* did not refer to a specific subsection of Rule 4(d), former Rule 4(d)(8) is a nearly verbatim version of current Rule 4.1(i). *See* 16 A.R.S. Rules Civ. Proc., Rule 4(d)(8) (1987).

of the correct party is sufficient. But Kunasek is not an agent of the board; he is a member of the board.

¶29 In *Creasy*, the court of appeals held that serving a notice of claim on the offices of the President and Vice-President of Central Arizona Community College was sufficient to effect service, even though neither had the notice "placed directly" in his hands. *Id*. at 147-48, 750 P.2d at 905-06. The court further stated that "[i]f a claimant can establish that delivery was made to the appropriate office of the person or agent described in Rule 4(d) [now Rule 4.1(i)], that is sufficient to show that the notice of claim was properly delivered." *Id*. at 148, 750 P.2d at 906.

¶30 *Creasy* does not apply here because the plaintiffs did not deliver their notice of claim to the office of a person or entity listed in Rule 4.1(i). The plaintiffs' notice of claim letter was addressed to Supervisor Kunasek directly and, as discussed above, Mr. Kunasek is not an authorized person to accept service for the county under Rule 4.1(i). Thus, the plaintiffs did not deliver their notice of claim to the chief executive officer or the office of the chief executive officer of Maricopa County. In addition, they did not deliver their notice of claim to the clerk of the board of supervisors or the office of the clerk. Therefore, the plaintiffs did not properly serve the clerk of the board of supervisors.

15

¶31     The plaintiffs also contend that they relied on Arizona case law, specifically *Blauvelt*, 160 Ariz. at 79, 770 P.2d at 383, and *Maricopa County v. Arizona Tax Court*, 162 Ariz. 64, 69, 781 P.2d 41, 46 (App. 1989), in sending their notice of claim directly to Supervisor Kunasek.  They assert that these cases support their contention that service on an individual member of the board of supervisors is sufficient under Rule 4.1(i).  These cases simply do not support this interpretation, however.

¶32     *Blauvelt* did not address the proper method of service for the board of supervisors; rather, it addressed whether filing a notice of claim with the county recorder satisfied Rule 4.1(i)'s predecessor, Rule 4(d)(8).  160 Ariz. at 79-80, 770 P.2d at 383-84.  *Blauvelt* held that the county recorder was not authorized under Rule 4(d)(8) to accept service on behalf of the county because the term "thereof" at the end of the clause referred to the board of supervisors (the chief executive officer), not to the county itself.  *Id.* at 80, 770 P.2d at 384. In the course of its analysis, the court stated that "[t]he earliest intention [of prior service statutes] . . . was that suits against counties be served upon the *board (the chairman or a member)* or, in their absence, upon the board's clerk." *Id.* at 79, 770 P.2d at 383 (emphasis added).  This language, however, is not the holding of the case.  In fact, it was not even a

16

statement of current law, but merely a statement of what the court believed was the intent of the 1928 version of the law. *Id.* The plaintiffs' reliance on this dictum was not reasonable.

¶**33** Similarly, the language the plaintiffs point to in *Arizona Tax Court* is simply a repetition of the dictum from *Blauvelt*. 162 Ariz. at 69, 781 P.2d at 46. *Arizona Tax Court* involved taxpayers who improperly filed notices of appeal with the Maricopa County Attorney's Office, but later corrected their mistake and served the clerk of the board of supervisors. *Id.* at 66, 781 P.2d at 43. The court permitted this claim to go forward after the taxpayers had properly filed their notices of appeal with the clerk of the board. *Id.* at 70, 781 P.2d at 47. This holding in *Arizona Tax Court* does not require a finding that serving an individual member of the board satisfies Rule 4.1(i).

**V**

¶**34** In sum, the chief executive officer of a county for purposes of Rule 4.1(i) is the board of supervisors. Therefore, delivery of a notice of claim to one member of the board does not comply with either the statute or the rule, and such a procedure does not serve the purposes of A.R.S. § 12-821.01(A).

17

**VI**

¶**35**        For the foregoing reasons, we vacate in part the opinion of the court of appeals and affirm the judgment of the superior court.


_____
                    Michael D. Ryan, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice