**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YVONNE CUMMINS,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF YUMA, Arizona; et al.,<br><br>Defendants - Appellees. | No. 09-15423<br><br>D.C. No. 2:08-cv-00440-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted January 14, 2011
San Francisco, California

Before: WALLACE, NOONAN, and SILVERMAN, Circuit Judges.

Plaintiff Yvonne Cummins appeals the district court's dismissal of her age

discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291, review

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

de novo, *William O. Gilley Enters., Inc., v. Atlantic Richfield Co.*, 588 F.3d 659, 662 (9th Cir. 2009), and affirm.

The district court properly dismissed the individual defendants because they cannot be liable under the Age Discrimination in Employment Act (ADEA). 29 U.S.C. §§ 621-34 (2006); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Plaintiff argues that she could have amended her complaint to assert § 1983 equal protection claims against the individual defendants. However, the ADEA is plaintiff's exclusive remedy. As a matter of law, plaintiff cannot state a § 1983 equal protection claim for age discrimination in employment. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1060-61 (9th Cir. 2009).

Plaintiff argues that the district court erred by dismissing her pre-October 2007 claims as time-barred by 29 U.S.C. § 626(d)(1). She alleges that the continuing violations doctrine allows her to claim that the city has discriminated against older workers and refused to hire her for the past 20 years. However, at most, the continuing violations doctrine allows plaintiff to sue for the October 2007 job announcement even though the city's comprehensive work history policy was established before the limitations period. *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009). Plaintiff's one timely allegation does not allow her to sue for other alleged discrete discriminatory

2

acts over the past 20 years. *See id.*; *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1192 (9th Cir. 2003).

Plaintiff argues that the district court misapplied Federal Rule of Civil Procedure 12(b)(6) by requiring that she allege more facts and focusing on the affirmative defense of reasonable factors other than age to dismiss her disparate impact claim. However, a claim can be dismissed for failure to state a claim if the allegations in the complaint establish an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007). To apply the "reasonable factors other than age" defense in an ADEA disparate impact case, we consider whether the neutral factor causing the disparate impact on older workers is reasonable. *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 87 (2008). Even if the City's requirement that an applicant provide a complete work history has a disparate impact on older workers, the employer is not liable under the ADEA if the work history requirement is reasonable. We agree with the district court that an employer may reasonably require that job applicants provide a complete work history. Therefore, the district court did not err in dismissing plaintiff's disparate impact ADEA claim.[1]

Finally, the district court did not err in dismissing any potential state claims as barred by the Arizona notice of claim statute, Ariz. Rev. Stat. Ann. § 12-

---

[1]Plaintiff concedes that she is not asserting a disparate treatment claim.

3

821.01(A) (2003) (West).  Plaintiff argues that the parties received notice when the EEOC forwarded her discrimination charge to the state attorney general.  However, the attorney general is not the proper party to serve for a notice of claim against a city.  *See* § 12-821.01(A); Ariz. R. Civ. P. 4.1(i).  "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements." *Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006) (En Banc).  The district court did not err in holding that plaintiff's failure to comply with § 12-821.01 bars any potential state claims.

AFFIRMED.