FILED

NOT FOR PUBLICATION

JUN 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANUEL MADRID,

Plaintiff - Appellant,

v.

CONCHO ELEMENTARY SCHOOL
DISTRICT NO. 6 OF APACHE
COUNTY, an Arizona Political
subdivision; UNKNOWN PARTIES,
Named as John Does I -V; UNKNOWN
PARTIES, Concho Elementary School
District No. 6 of Apache County
Governing Board Members; CARL DYE;
CECILIA ROBERTS; TRACY
CANDELARIA, Concho Elementary
School District No. 6 of Apache County
Governing Board Members; ANGELA
MURPHY; JOHN REBELLO,

Defendants - Appellees.

No. 10-16343

D.C. No. 3:07-cv-08103-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted June 14, 2011[]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BYBEE, Circuit Judges.

Plaintiff-Appellant Dr. Manuel Madrid appeals the district court's grant of motion for summary judgment to Defendants-Appellees Concho Elementary School District and its individual school board members (collectively, "Concho"). Because the facts are familiar to the parties, we will not recite them here. Upon consideration of the law, arguments, and record, we affirm.

The district court did not abuse its discretion in deciding to construe Madrid's claim for injunctive and declaratory relief as part of his breach of contract claim. *See Am. Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1117–18 (9th Cir. 1999) (reviewing for abuse of discretion "the district court's decisions regarding the propriety of hearing actions for declaratory relief"). First, the Declaratory Judgment Act authorizes, but does not mandate, relief. *Id.* at 1118. Second, when deciding whether to hear claims under the Declaratory Judgment Act, district courts should "avoid needless determination of state law issues" and "should avoid duplicative litigation." *Id.* at 1118. Therefore, because Madrid's claim under the Declaratory Judgment Act requested only contract-related relief,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*see* Complaint at 5, the district court was within its discretion to read that claim as part of Madrid's breach of contract claim and to deny injunctive and declaratory relief.

Madrid's claims for breach of contract also fail. Madrid failed to comply with the Arizona state law requirement that he serve notice on each member of the school board. *See* Ariz. Rev. Stat. § 12-821.01; *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 212 P.3d 930, 933–34 (Ariz. 2006) (en banc); *Batty v. Glendale Union High Sch. Dist. No. 205*, 212 P.3d 930, 933–34 (Ariz. Ct. App. 2009). Therefore, his breach of contract claims are foreclosed. *See Batty*, 212 P.3d at 934 (affirming summary judgment to defendants because plaintiff failed to complete service to the school board).

Madrid's claims that Concho violated Arizona's open meeting law, Ariz. Rev. Stat. § 38-431.01(A), are unsupported by evidence in the record. Madrid has provided no evidence properly before the court that Concho took legal action regarding his termination in violation of the open meeting law. Further, the district court did not abuse its discretion in not considering Madrid's argument that Concho's failure to hire defense counsel in an open meeting violated Ariz. Rev. Stat. § 38-431.07. *See Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987).

Madrid's claims about racial discrimination are also unsupported by any evidence except his own affidavit. General allegations, bereft of any specific facts, do not constitute evidence sufficient to support Madrid's claims of racial discrimination under 42 U.S.C. § 1981 or Title VII, 42 U.S.C. § 2000e-2(a)(1). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Brewster*, 149 F.3d at 985.

Finally, Madrid's termination complied with the procedural due process required to protect his property interest in his public employment. Due process requires that a public employee slated to be terminated for cause receive "notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Here, Madrid received written notice of the charges and supporting evidence against him; he was advised of his right to request an evidentiary hearing; and he requested but chose not to participate in the hearing. Madrid presented no evidence that federal procedural due process requires more than this. *See id.*; *see also Brewster*, 149 F.3d at 985. Because Madrid failed to appeal the district court's denial of his liberty interest claim, we do not review that claim on appeal. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

4

For the foregoing reasons, we affirm the district court's grant of summary judgment to Concho.

AFFIRMED.