NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TONY AUSTIN, a single individual; KENNETH CARVER, a married individual,
*Plaintiffs/Appellants*,

*v.*

PEORIA UNIFIED SCHOOL DISTRICT, an Arizona governmental agency,
*Defendant/Appellee*.

No. 1 CA-CV 14-0220
FILED 3-5-2015

Appeal from the Superior Court in Maricopa County
No.  CV2013-070785
The Honorable Eileen S. Willett, Retired Judge

**AFFIRMED**

COUNSEL

The Law Office of Michael S. DeFine, L.L.C., Sun City
By Michael S. DeFine
*Counsel for Plaintiffs/Appellants*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Michael E. Hensley, Erik J. Stone, Jonathan P. Barnes, Jr.
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.[1]

**S W A N N**, Judge:

¶1   The superior court dismissed claims against a school district based on the plaintiffs' failure to comply with the requirements of Arizona's notice of claim statute, A.R.S. § 12-821.01. We affirm. The plaintiffs were required to serve their notices of claim on all of the members of the district's governing board. They did not do so. Likewise, plaintiffs' provision of the notices of claim to the district's counsel, who had made no representations to them regarding his authorization to accept service, was insufficient.

### FACTS AND PROCEDURAL HISTORY

¶2   In April 2012, a bus operated by the Peoria Unified School District ("the District") collided with a truck occupied by Tony Austin and Kenneth Carver. Austin, Carver, and Sarah Saldana, an occupant of the bus, all allegedly sustained injuries.

¶3   Soon after the accident, Saldana's counsel, Gregory J. Lyon of Phillips & Lyon, P.L.C., sent written correspondence to the District. The District's attorney, Michael E. Hensley, responded by letter in May 2012. Hensley informed Lyon that he was counsel for the District, asked Lyon to direct all future correspondence to him, and informed Lyon that presenting a claim against the District would require compliance with A.R.S. § 12-821.01.

¶4   In October 2012, Austin and Carver, represented by Michael S. DeFine of The Law Office of Michael S. DeFine, L.L.C., each mailed notices of claim to:

---

[1] On the court's own motion, the clerk of this court is directed to amend the caption in this matter as shown above. The above caption shall be used on all future documents filed in this matter.

Peoria Unified School District
Administration Center
6330 West Thunderbird Road
Glendale, Arizona 85306

Peoria Unified School District
Administration Center
Attention: Hal Borhauer, Board Member
6330 West Thunderbird Road
Glendale, Arizona 85306

Peoria Unified School District #11
Cottonwood Elementary
11232 North 65th Avenue
Glendale, Arizona 85304

JONES, SKELTON & HOCHULI
Attention: Michael E. Hensley, Esq.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

¶5        In April 2013, Austin, Carver, and Saldana, all of whom were at that point represented by DeFine, commenced a negligence action against the District and the Arizona Department of Public Safety ("DPS"). Austin and Carver alleged claims against both the District and DPS; Saldana alleged claims against DPS only. The District moved to dismiss the claims against it, arguing that Austin and Carver had failed to comply with the filing requirement of § 12-821.01(A) because the notice of claim had not been served on every member of the District's Governing Board. Austin and Carver argued in response that mailing the notices to the administration center where the Board met and to Borhauer, the Board's president, was sufficient. Austin and Carver also argued that, in view of Hensley's instruction to Lyon to direct all further correspondence to him, service on Hensley was sufficient.

¶6        The superior court granted the District's motion to dismiss Austin and Carver's claims against it and entered judgment under Ariz. R. Civ. P. 54(b). Austin and Carver appeal.

## DISCUSSION

¶7        A.R.S. § 12-821.01(A) requires that a claim against a public entity be "file[d] . . . with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." If the notice of claim is not properly filed, the claim is barred. *Id.*

¶8        At the time relevant to this appeal, Ariz. R. Civ. P. 4.1(i) provided:

> Service upon a county or a municipal corporation or other governmental subdivision of the state subject to suit, and from which a waiver has not been obtained and filed, shall be effected by delivering a copy of the summons and of the pleading to the chief executive officer, the secretary, clerk, or recording officer thereof.[2]

A school district is a political subdivision of the state that may sue and be sued through its governing board. A.R.S. §§ 15-101(22), -326(1). For the purpose of filing a notice of claim, the governing board is the school district's "chief executive officer." *See Batty v. Glendale Union High School Dist. No. 205*, 221 Ariz. 592, 594-95, ¶¶ 9-11, 212 P.3d 930, 932-33 (App. 2009). The question we must decide is whether the notice of claim must be filed with the entirety of the board.

¶9        We are guided by *Falcon v. Maricopa County*, 213 Ariz. 525, 144 P.3d 1254 (2006). In *Falcon*, the supreme court held that a county's "board of supervisors is the chief executive officer of the county for purposes of Rule 4.1(i) and that delivering a notice of claim to only one member of the board does not comply with the requirements of either the statute [§ 12-821.01] or the rule [Rule 4.1(i)]."[3]  *Id.* at 526, ¶ 2, 144 P.3d at 1255. The court explained that because

---

[2]        The current version of Rule 4.1 specifies particular officials who must be served with respect to the state, the counties, and municipal corporations, and provides that service upon "any other governmental entity" must be made upon the person designated by statute to receive service for the entity or, if there is no such person, upon "the chief executive officer(s), or, alternatively, the official secretary, clerk, or recording officer of the entity as established by law." Ariz. R. Civ. P. 4.1(h).

[3]        After *Falcon* was decided, Rule 4.1 was amended to provide that service upon a county is effected by service upon the clerk of the county's board of supervisors. Ariz. R. Civ. P. 4.1(h)(2).

individual supervisors lack authority to settle claims against the county, "[d]elivery of a notice of claim to only one board member does not further the purpose of A.R.S. § 12-821.01(A) by providing the county the opportunity to consider the claim and possibly settle it." *Id.* at 528, ¶ 21, 144 P.3d at 1257. The court further explained that "service of a notice of claim upon a single member of a multi-member political entity does not necessarily result in successful notice to the entity as a whole, which is the point of A.R.S. § 12-821.01(A) and Rule 4.1(i)." *Id.* at 529, ¶ 25, 144 P.3d at 1258. The court posited that "[m]any of the part-time members of political subdivisions, *such as school boards*, may not appreciate the significance of a notice of claim or realize that such a claim must be acted upon within sixty days," and, "[m]oreover, the individual served may have no reason to think that he or she was the only member served, and so might not think it necessary to inform others." *Id.* at ¶ 26 (emphasis added).

¶10        Applying the reasoning of *Falcon*, we hold that a notice of claim is filed with a school district's "chief executive officer" when it is filed with all of the members of the governing board.[4] Austin and Carver did not do this. Though they delivered notices to the building where the Board met, the notices were not addressed to each of the Board members (or even to the Board generally). They were instead addressed to a single Board member (who was not delegated by the Board to receive service of process, and who did not serve as the Board's secretary, clerk, or recording officer) and to the District generally. This was insufficient.

¶11        Austin and Carver contend that equitable estoppel nonetheless precluded dismissal of their claims because they sent their notices of claim to Hensley, the District's counsel, in reasonable reliance on his statement to Lyon, Saldana's former counsel, that all further correspondence should be directed to

---

[4]        Austin and Carver contend for the first time on appeal that this rule violates Arizona's anti-abrogation clause, Ariz. Const. art. 18, § 6. They argue that our holding requires notices of claim to be served on board members *during* public meetings -- which are only occasional -- because under the state open meetings law, A.R.S. §§ 38-431 *et seq.*, members cannot take official actions except at such meetings. Austin and Carver's arguments are unfounded. Nothing in Rule 4.1 requires that a public official be fulfilling his or her official duties at the moment of service. Further, it is well-established that a notice of claim may be served by mail. *Lee v. State*, 218 Ariz. 235, 239, ¶ 19, 182 P.3d 1169, 1173 (2008). Though the open meetings law may bear upon the process by which a governing board responds to a notice of claim, it has no relation to the manner by which the claimant must file the notice.

Hensley. Equitable estoppel requires that the party to be estopped engage in conduct inconsistent with its later position, and that the other party reasonably rely on the conduct to its detriment. *Valencia Energy Co. v. Ariz. Dep't of Revenue*, 191 Ariz. 565, 576-77, ¶¶ 35, 37, 959 P.2d 1256, 1267-68 (1998). Here, the letter in question was not directed to Austin, Carver, or their counsel, and it made no comment regarding Austin or Carver. The letter was in no way inconsistent with the District's later position regarding Austin and Carver, and Austin and Carver's purported reliance on the letter was not reasonable. The fact that Saldana later came to be represented by the same attorney as Austin and Carver is immaterial.

**CONCLUSION**

¶12        We affirm for the reasons set forth above. The District requests an award of attorney's fees on appeal under ARCAP 25, Ariz. R. Civ. P. 11, and A.R.S. § 12-349. We note that Rule 11 does not provide grounds for an award of fees on appeal. *Villa de Jardines Ass'n v. Flagstar Bank*, 227 Ariz. 91, 99 n.10, ¶ 26, 253 P.2d 288, 296 n.10 (App. 2011). In the exercise of our discretion, we deny the District's requests for fees under ARCAP 25 and § 12-349.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama