NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LAURA LEE MEDLEY, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 20-0480
FILED 5-11-2021

Appeal from the Superior Court in Maricopa County
No. CV2020-091821
The Honorable Tracey Westerhausen, Judge

**AFFIRMED**

COUNSEL

Laura Lee Medley, Mesa
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Lindsey Gilman
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

¶1       Laura Lee Medley ("Medley") appeals the superior court's dismissal of her claim for false arrest because she did not serve an adequate notice of claim pursuant to Arizona Revised Statutes ("A.R.S.") section 12-821.01. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2       In February 2020, Medley filed a civil complaint for damages against the State of Arizona, alleging she had been unlawfully arrested. In the complaint, Medley claims that after she was released from prison on Community Supervision, she was contacted by Margaret J. "Peggy" Plews, who Medley had previously had contact with while in prison, about participating in a bioterrorism attack on three Arizona Department of Corrections ("DOC") buildings. After learning of the planned attacks, Medley asserts she attempted to contact the Criminal Investigations Unit of the DOC but was forwarded to voicemail.

¶3       Medley was eventually able to contact Richard Levy, a special investigator of the DOC Criminal Investigations Unit, and told him about the planned attacks. Medley states she shared screenshots of messages about the attack plan and disclosed a list of people involved. Medley also expressed concerns for her safety and claimed Levy assured her she would be protected and would be provided an undercover security detail. Soon after, however, Medley was arrested by investigators from the DOC Criminal Investigations Unit and transported back to prison. Medley asserts she was arrested without either a warrant or probable cause and wrongfully accused of involvement in the planned attacks, leading her to file the subject complaint.

¶4       The State moved to dismiss the complaint, arguing Medley failed to file a timely notice of claim pursuant to A.R.S. § 12-821.01 because her claim had accrued no later than the day of her arrest, June 17, 2019, but her notice of claim was not received until December 19, 2019, which was

five days beyond the 180-day statutory deadline. Medley argued in response that she mailed an initial notice of claim letter to Assistant Attorney General Michael Gottfried on July 12, 2019, but was later told that her letter was never received. Accordingly, she filed a second notice of claim on December 19, 2019.

¶5 The court granted the State's motion to dismiss, with prejudice, based on Medley's untimely notice of claim. The court stated, "Assuming without deciding that mailing the assistant [attorney general] was sufficient," Medley's letter, dated July 12, 2019, was inadequate to comply with A.R.S. § 12-821.01 unless she could also provide proof of mailing or service by mail.

¶6 Medley moved to reconsider the dismissal, arguing her July 12 notice of claim was timely, and provided a copy of the DOC mail log showing she had sent "outgoing legal mail" on July 12, 2019, to "AG – Michael Gottfried, 2005 N. Central Ave., Phx, AZ, 85004." The court found the DOC mail log did not "provide proof of service that a notice under A.R.S. § 12[-]821.01 was sent." The court reasoned that even if the July 12 letter was timely, the notice was still inadequate because it was sent to an assistant attorney general, not the Attorney General himself, and because it did not contain sufficient facts to permit the State to understand the basis for its purported liability.[1] Accordingly, the court affirmed the dismissal, with prejudice, of Medley's complaint.

---

[1] The entirety of Medley's July 12 letter, entitled "Re: Civil Rights Complaint Etc.," was as follows:

> Mr. Gottfried;
>
> I spent an entire year of working and attending college full time, rebuilding my life from nothing without violating one law in the process.
>
> I tried to do the right thing by Charles L Ryan and his staff, [expletive deleted] that I absolutely hate with a passion and in return I am falsely arrested, unlawfully detained, imprisoned and set up as a self professed "Jihad Jane."
>
> My proposed settlement offer: the rescission of the warrant and $250,000. Otherwise, Chuck is going to have another one hell of a public scandal.

¶7        Medley filed a timely notice of appeal.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**

   I.        *Standard of Review*

¶8        Along with the memorandum supporting its motion to dismiss, the State attached Medley's December 19 notice of claim filing, which included a proof of arrest warrant service dated June 25, 2019.  In response to Medley's motion for reconsideration, the State attached two witness declarations.[2]  These attachments converted the motion to dismiss into one for summary judgment.  *See* Ariz. R. Civ. P. ("Rule") 12(d) ("If, on a motion under Rule 12(b)(6) or (c), matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56.");  *see also Vasquez v. State*, 220 Ariz. 304, 308, ¶ 8 (App. 2008).  Accordingly, we review the judgment *de novo* and will only affirm if there is no genuine issue of material fact, viewing the facts in the light most favorable to the party against whom judgment was entered.  *See Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6 (App. 2008); *Mousa v. Saba*, 222 Ariz. 581, 585, ¶ 15 (App. 2009); *see also Jones v. Cochise Cnty.*, 218 Ariz. 372, 375, ¶ 7 (App. 2008) ("We review de novo a trial court's determination that a party's notice of claim failed to comply with [A.R.S.] § 12-821.01.").

   II.       *Notice of Claim Pursuant to A.R.S. § 12-821.01*

¶9        An individual with a claim against a public entity must file a notice of claim with the public entity "within one hundred eighty days after the cause of action accrues."  A.R.S. § 12-821.01(A).  If a proper notice "is not filed within one hundred eighty days after the cause of action accrues," then the claim "is barred and no action may be maintained thereon."  *Id.*

¶10       First, we address Medley's December 19, 2019, notice of claim. The State asserts, and Medley does not dispute, that her cause of action accrued on the date of her arrest: June 17, 2019.  One hundred eighty days from June 17, 2019, is December 14, 2019.  Thus, Medley's December 19

---

2        Although the superior court did not say it reviewed the State's attached documents specifically, the court does mention information contained in the attachments.  Based on this, we infer the superior court did consider the attachments.

4

notice was untimely, and no cause of action may be maintained thereon. *See id.*

¶11 Next, we consider the letter Medley sent on July 12, 2019, to Assistant Attorney General Michael Gottfried. For a notice of claim to be sufficient, it must be filed "with the person or persons authorized to accept service for the public entity . . . as set forth in the Arizona rules of civil procedure." *Id.* Rule 4.1(h)(1) mandates that for service on the State of Arizona, service must be made to the Attorney General. Moreover, A.R.S. § 12-821.01 requires strict compliance, and "substantial compliance is insufficient." *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62, ¶ 23 (App. 2010); *see also Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 530, ¶ 27 (2006) (explaining Rule 4.1 requires service on an authorized agent and "not on someone whose usual practice is to forward the claim to the [authorized agent]").

¶12 Here, the State provided an uncontroverted declaration from Michael Gottfried that stated he has no memory nor record of receiving the July 12 letter from Medley, confirmed he is "not authorized to accept notice of claims on behalf of the Attorney General," and explained that, in an unrelated matter, he had previously advised Medley that he was not authorized to accept service of a notice of claim on behalf of the Attorney General.[3] Even assuming Gottfried did receive Medley's July 12 letter, delivery of the notice to an assistant attorney general, who is not authorized to accept service on behalf of the Attorney General, did not, as a matter of law, constitute effective service on the Attorney General. *See Falcon*, 213 Ariz. at 526, 528, 530, ¶¶ 4, 21, 30 (holding delivery of notice of claim to one member of the Maricopa County Board of Supervisors, who was not authorized to accept service for the county, was insufficient to establish service on the Board).

¶13 Medley argues the State waived any argument related to service of notice pursuant to A.R.S. § 12-821.01 because a notice of claim received by the Attorney General's office is forwarded through multiple employees and thus, Medley argues, without any evidentiary support, the Attorney General "refuses to make himself available for the service of a Notice of Claim and refuses to authorize an employee" to accept service.

---

[3] The second declaration provided by the State was from Ana Gongora, the employee tasked with recording notices of claim served upon the Attorney General. She confirmed that review of the Attorney General's notice of claim log system did not indicate receipt of the July 12 notice of claim letter.

This argument is unavailing. The record shows that before her July 12 letter, Medley had filed more than ten notices of claim with the Attorney General's office in various matters since 2011. Those notices were properly served on the Attorney General's office, demonstrating that Medley was aware of the correct filing process.

**¶14** Because any notice of claim sent to Assistant Attorney General Michael Gottfried was inadequate to establish service on the Attorney General, and because Medley's December 19 notice of claim was untimely, the superior court did not err in dismissing Medley's complaint for failure to comply with A.R.S. § 12-821.01(A).

**¶15** Even assuming there is a genuine issue of fact as to service of the notice of claim, the content of Medley's letter was, as a matter of law, insufficient to comply with the statute. *See* A.R.S. § 12-821.01(A). The July 12 letter provides no detail from which the State could reasonably understand that the letter related to the incident later described in Medley's complaint. As the State noted in its answering brief, the letter includes no mention of many key facts, including: the identity/involvement of Peggy Plews; the existence, identity, and involvement of a militia/terrorist organization; the plan to attack DOC buildings and personnel with aerosol chemical agents; any investigation by or involvement of Criminal Special Investigator Richard Levy, or statements/promises he made to Medley; the allegation that Medley had purportedly admitted to being a member of the terrorist organization; or Levy's alleged backdating of the arrest warrant.[4]

**¶16** Simply stated, even assuming the notice of claim is somehow deemed timely filed and delivered to an individual authorized to receive the notice, Medley's claim fails because her notice does not provide any information to allow the State to determine "whether and how to investigate the claim, at what level of damages to attempt to resolve the claim, and how to take the claim into account in planning and budgeting activities." *Backus v. State*, 220 Ariz. 101, 105-06, ¶ 17 (2009); *accord Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6 (2007).

---

[4] Medley did not file a reply brief or otherwise attempt to challenge the State's arguments regarding the lack of specific facts in the letter.

**CONCLUSION**

¶17   For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA