NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DACOTA NEFF, individually and on behalf of the statutory beneficiaries of ROY LEN NEFF, *Plaintiff/Appellant*,

*v.*

WILLIAM RISEN, in his official capacity as the Sheriff of La Paz County; and LA PAZ COUNTY, a political subdivision of the State of Arizona, *Defendants/Appellees*.

No. 1 CA-CV 21-0236
FILED 12-30-2021

Appeal from the Superior Court in La Paz County
No. S1500 CV202000069
The Honorable Robert Duber II, Judge (retired)

**REVERSED IN PART, AFFIRMED IN PART, REMANDED**

COUNSEL

Robbins & Curtin PLLC, Phoenix
By Joel B. Robbins, Jesse M. Showalter (argued)
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By Michele Molinario, Justin M. Ackerman (argued), Derek R. Graffious
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

**¶1**          Dacota Neff appeals from the superior court's final judgment dismissing her wrongful death complaint for violating A.R.S. § 12-821.01. For the following reasons, we vacate the court's judgment dismissing Neff's complaint and affirm the judgment dismissing the three other statutory beneficiaries' damages claims.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          This case stems from the suicide of Neff's father at the La Paz County Jail. Neff, one of four statutory beneficiaries, timely served a notice of claim ("NOC") required by A.R.S. § 12-821.01. The NOC advised that three other statutory beneficiaries existed but Neff's counsel did not represent those statutory beneficiaries. The NOC set forth facts surrounding Neff's father's suicide and offered to settle Neff's claim for a sum certain.

**¶3**          Neff later filed a complaint on her behalf and the other statutory beneficiaries for wrongful death and negligence. Neff alleged that the county and its sheriff were vicariously liable for the jail employees' negligent conduct and had a duty to use reasonable care in the hiring, retaining, training, and supervision of jail employees.

**¶4**          Defendants moved for judgment on the pleadings, arguing that Neff's NOC failed to assert sufficient facts as required by A.R.S. § 12-821.01 to support the complaint's claims and the three other statutory beneficiaries had failed to serve a NOC. Neff responded that she sufficiently asserted facts in the NOC to support liability, requested the court decline to dismiss the claims of the other statutory beneficiaries, and argued the NOC complied with A.R.S. § 12-821.01 as to all statutory beneficiaries. Although Defendants did not initially move to dismiss Neff's claim based on lack of a NOC, Defendants replied that Neff's argument that the NOC be construed as preserving all the statutory beneficiaries' claims for damages mandated dismissal of the entire lawsuit.

**¶5**      The superior court granted judgment on the pleadings to Defendants and entered final judgment dismissing the complaint with prejudice. The court found the NOC included enough facts under A.R.S. § 12-821.01(A) but did not meet the statute's requirement to specify a sum certain to settle with all beneficiaries.

**¶6**      We have jurisdiction over Neff's appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**      We review *de novo* the superior court's ruling that the NOC did not comply with A.R.S. § 12-821.01. *Jones v. Cochise County*, 218 Ariz. 372, 375, ¶ 7 (App. 2008).

**¶8**      A.R.S. § 12-821.01 requires the timely service of a notice of claim as a prerequisite to suing a public entity. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294, ¶ 1 (2007). The failure to comply with A.R.S. § 12-821.01 bars a plaintiff's claim. *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 10 (2006).

**¶9**      Neff argues that the NOC sufficiently complied with A.R.S. § 12-821.01 for her claim. As relevant here, A.R.S. § 12-821.01(A) requires that a notice of claim "contain a specific amount for which the claim can be settled." The NOC specified that it was filed on Neff's behalf and contained a specific amount for settling her individual claim. Thus, contrary to the superior court's ruling, the NOC complied with A.R.S. § 12-821.01(A)'s sum-certain requirement for Neff's claim.

**¶10**      Defendants argue that Neff's response to the motion for judgment on the pleadings to construe her NOC as sufficient to settle the statutory beneficiaries' claims converted the NOC about her claim into an insufficient NOC on behalf of all statutory beneficiaries. The superior court's ruling tracked this argument, reasoning that Neff's fiduciary duties as statutory plaintiff under the wrongful death statute imposed a duty on Neff to serve the NOC on behalf of all statutory beneficiaries and demand a sum certain for everyone.

**¶11**      There is no requirement in A.R.S. § 12-821.01 that there be only one NOC on behalf of all statutory beneficiaries. The court's focus on Neff's duties as the statutory plaintiff, once she filed her lawsuit, conflated the responsibilities required in a wrongful death lawsuit with the pre-lawsuit requirements to sue a public entity under A.R.S. § 12-821.01. Neff had no duty or authority to settle the other statutory beneficiaries'

damages claims when she served her NOC. The sufficiency of the pre-litigation NOC is at issue, not the sufficiency of an argument made in response to a dispositive motion and asserted to satisfy Neff's fiduciary duty to statutory beneficiaries that arose after she filed her lawsuit. *See Wilmot v. Wilmot*, 203 Ariz. 565, 574, ¶ 34 (2002).

**¶12** Defendants argue that if Neff's sum certain was sufficient for her claim, the claims for negligent hiring, retaining, training, and supervision must still be dismissed for failure to state sufficient facts in the NOC to support those claims. Defendants maintain that Neff needed to identify a flaw in the hiring process or a failure to conduct or investigate an employee's background before hiring.

**¶13** Under the statute, "[t]he claim shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed." A.R.S. § 12-821.01(A). The statute does not require the NOC to identify the specific liability theory but merely provide an adequate factual disclosure. *Id.* The NOC provided facts surrounding Neff's father's suicide and specifically identified the jail employees' awareness in the medical unit of her father's mental health issues, failure to provide a suicide risk assessment and appropriate psychiatric care, and failure to supervise her father during the reclassification process from the medical unit to the general population, leading to self-asphyxiation with a jail bedsheet. We find that the NOC sufficiently stated facts that put Defendants on notice to "investigate and assess liability." *Deer Valley*, 214 Ariz. at 295, ¶ 6.[1]

---

[1] *See Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-SMB, 2019 WL 699170, at *9–10 (D. Ariz. Feb. 20, 2019) (unreported) (rejecting argument that NOC setting forth facts describing struggle between decedent and officers failed to set forth facts identifying negligent hiring, supervision, retention, and training claims); *Watson-Nance v. City of Phoenix*, No. CV-08-1129-PHX-ROS, 2009 WL 792497, at *6–7 (D. Ariz. Mar. 24, 2009) (unreported) (finding NOC setting forth facts underlying wrongful death and Arizona Adult Protective Services Act claims were sufficient even though NOC did not identify APSA claim and because both claims involved compensation for value of decedent's life); *Castaneda v. City of Williams*, No. CV07-00129-PCT-NVW, 2007 WL 1713328, at *4 (D. Ariz. June 12, 2007) (stating that the plaintiff may prosecute any claims arising out of the operative facts identified in NOC).

¶14 While it is true that direct claims for negligent hiring, retention, training, and supervision are separate from the negligence supporting a vicarious liability claim and contain additional elements of proof, the same operative facts give rise to both causes of action. *See Kopp v. Physician Group of Ariz., Inc.*, 244 Ariz. 439, 441–42, ¶¶ 10–11 (2018) (plaintiff must prove agent's underlying negligence to prove direct negligent hiring and supervision claims against the principal).

¶15 Because Neff timely served a sufficient NOC for a sum certain on her behalf in compliance with A.R.S. § 12-821.01 and set forth facts sufficient to permit a government entity to understand the basis on which she claimed liability, the superior court erred by dismissing her complaint. But the dismissal of the other statutory beneficiaries' damages claims is appropriate because there is no evidence in the record that they complied with the NOC statute. As a result, their claims are barred. A.R.S. § 12-821.01(A); *Falcon*, 213 Ariz. at 527, ¶ 10.

## CONCLUSION

¶16 We reverse the dismissal of Neff's complaint and affirm the dismissal of the remaining statutory beneficiaries' damages claims. Thus, we remand for further proceedings consistent with this decision and award costs to Neff upon compliance with Arizona Rule of Civil Appellate Procedure 21.

